MARC E. JOHNSON, Judge.
IsThis appeal arises from the granting of three motions for summary judgment in a motorcycle personal injury case in favor of Defendants/Appellees, Boh Bros. Construction Company, L.L.C. (“Boh Bros”) and its insurer, Illinois National Casualty Company; the State of Louisiana, through the Department of Transportation and Development (“DOTD”) and through the Department of Public Safety and Corrections, Office of the State Police (“DPSC”); and Trooper Daniel Flynn, and against Plaintiffs/Appellants, Kenneth Farve and Pamela Farve, from the 24th Judicial District Court, Division “P”. For the following reasons, we reverse the granting of the summary judgments and remand the matter to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
On August 29, 2007 at 12:54 a.m., Michael Montero crashed into the crash attenuator and collapsed it at the Causeway Boulevard/I-10 on-ramp. The crash (“Montero accident”) dislodged the reflective diamond that was attached to the crash attenuator. At 11:45 a.m. the same day, Michael Mills, the Project Safety Manager for the I-10/Causeway construction project for Boh Bros., performed a required inspection of the area, noticed the downed crash attenuator, and | ¿completed a report to Larry Henley, the Project Manager for Boh Bros., indicating that the crash attenuator was damaged. In response, Mr. Henley contacted Jack Harper Construction Company, the subcontractor for Boh Bros., to replace the attenuator. However, no repairs to the attenuator were made that day.
Later that same day, at 9:45 p.m., Mr. Farve was traveling in the area and ran into the same attenuator that had been damaged by the Montero accident. Mr. Farve sustained severe injuries requiring skin grafts and surgery to his leg. In his deposition and his traffic crash report, Trooper Larry Mayes stated that Mr. Farve’s motorcycle traveled into the gore area, hit against the crash attenuator’s metal foundation and traveled along the metal rail until it crashed into the crash attenuator, which had been collapsed from the previous crash. Trooper Mayes noted that the crash scene was located in a dimly lit area; all solid white lines were newly painted and highly reflective; there were reflectors located along the length of all the concrete barrier walls; and the reflective diamond for the crash attenuator had been damaged from the previous crash and was located on the right shoulder of the roadway. In addition, Trooper Mayes reported in the “Condition of Driver” section of the traffic crash report that Mr. Farve was drinking alcohol but not impaired. In his deposition, Trooper Mayes testified that Mr. Farve told him that he drank two beers prior to the accident; however, he used his discretion as a law enforcement officer to not enforce a DWI arrest of Mr. Farve.
Appellants filed a petition for damages alleging, among other things, that Appel-lees breached their duties to Mr. Farve by failing to take steps to replace the crash attenuator’s reflective diamond that had been previously damaged and to adequately light the location. On February 2, 2010, DOTD filed a motion for summary judg *484 ment asserting that its contract with Boh Bros, provides that it is not responsible for coordination of traffic control devices, and, in the alternative, it is | finot liable for Mr. Farve’s failure to notice clearly demarcated lane striping and reflectors. After taking the matter under advisement, the trial court denied the motion on March 23, 2010. In its written reasons for judgment, the trial court found that a genuine issue of material fact existed as to whether DOTD or Boh Bros, was responsible for the inspection and/or repairs of the crash attenuator in question. Additionally, the trial court found there were genuine issues of material fact regarding DOTD’s responsibilities to remove and/or repair the lighting at the scene of the accident, and whether DOTD is contractually liable for any negligence alleged by Appellants.
On April 6, 2010, Boh Bros, filed a motion for summary judgment asserting: 1) contractor immunity pursuant to LSA-R.S. 9:2771; 2) Mr. Farve caused the accident by driving into the gore area before impacting the already crushed crash attenuator; and, in the alternative, 3) even if the crash attenuator contributed to the accident, it was not remotely close to being negligent in timely replacing the crushed crash attenuator within 31 hours of notification. After taking the matter under advisement, the trial court granted the motion of Boh Bros, at Appellants’ costs on July 1, 2010. In its written reasons for judgment, the trial court found the previously damaged crash attenuator and/or lack of lighting were not the cause of or contributed to Mr. Farve’s accident; Mr. Farve’s actions or inactions were the sole and proximate cause of the accident and his injuries; Boh Bros, was not negligent in causing the accident nor did it breach any duty owed to motorists because it had the proper and required signals in place before and at the time of the accident; and Boh Bros, took the necessary steps to timely replace the previously damaged crash attenuator. On August 6, 2010, Appellants filed their motion a devolutive appeal of the July 1, 2010 judgment.
On September 1, 2010, DOTD re-urged its previous motion for summary | judgment and adopted the trial court’s reasoning in Boh Bros.’ summary judgment that Mr. Farve was solely liable for the accident and his injuries. Subsequently, on September 17, 2010, DPSC filed a motion for summary judgment asserting that discretionary immunity applied to Trooper Flynn, and its alleged failure to replace the dislodged reflective diamond on the crash attenuator had nothing to do with causing or contributing to the accident because Mr. Farve was solely at fault. On January 10, 2011, the trial court granted the motions of DOTD and DPSC at Appellants’ costs. The trial court found that Mr. Farve spent some time at “Bike Night” at the Pit Stop before the accident; the previously damaged crash attenuator and/or lack of lighting were not the causes of or contributors to the accident; Mr. Farve’s actions were the sole and proximate cause of the accident and his injuries; and all of the proper and required signals and traffic controls were in place before and at the time of the accident. Appellants filed a motion for devolutive appeal on January 21, 2011 from the January 10, 2011 trial court judgment.
ASSIGNMENTS OF ERROR
On appeal, Appellants raise the following assignments of error: 1) the trial court erred in determining that DOTD was entitled to summary judgment when genuine issues of material fact exists; 2) the trial court erred in determining that Boh Bros, was entitled to summary judgment when genuine issues of material fact exist; 3) the trial court erred in determining that DPSC and Trooper Flynn were entitled to *485 summary judgment when genuine issues of material fact exist; and 4) the trial court erred in making a factual determination that Mr. Farve was 100% at fault.
LAW AND ANALYSIS

General Law

Appellate courts review summary judgments de novo, using the same criteria |7that govern the trial court’s consideration of whether summary judgment is appropriate, asking whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. State ex rel. Dept. of Transp, and Development v. Central Gulf Towing, L.L.C., 07-166, 07-167 (La.App. 5 Cir. 10/30/07); 971 So.2d 1163, 1164, writ denied, 07-2304 (La.1/25/08); 973 So.2d 761. The summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law. DROR Intern., L.P. v. Thundervision, L.L.C., 11-215 (La.App. 5 Cir. 12/13/11); 81 So.3d 182. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the movant is entitled to judgment as a matter of law. Id. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Id. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id., citing Hines v. Garrett, 04-0806, p. 1 (La.6/25/04); 876 So.2d 764, 766.
Louisiana courts have adopted a duty-risk analysis in determining whether liability exists under the facts of a particular case. Christy v. McCalla, 11-0366 (La.12/6/11); 79 So.3d 293. Under this analysis, a plaintiff must prove five separate elements: 1) the defendant had a duty to conform his or her conduct to a specific standard of care; 2) the defendant failed to conform his or her conduct to the appropriate standard of care; 3) the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries; 4) the defendant’s substandard conduct was a legal cause of the plaintiffs injuries; and 5) actual damages. Id.
| ^Summary Judgment in favor of DOTD
Appellants allege the trial court erred in determining DOTD was entitled to summary judgment when genuine issues of material fact exist regarding its responsibilities concerning the removal and/or repairs to the lighting at the scene of the accident. Appellants aver the discovery responses of Boh Bros, and the deposition of Trooper Flynn show that DOTD inspected the site and was also responsible for removal of permanent lighting in the area. However, Appellants further aver the lighting was removed by DOTD and no warnings, e.g., temporary lighting, warning signs, replacement reflective diamond, or cones, were replaced after the Montero accident.
DOTD contends Mr. Farve is solely at fault for failing to notice the clearly demarcated lane striping and reflectors on the roadway. DOTD avers that since the highway was clearly marked with highly reflective white lines that warned Mr. Farve that they should not be crossed, and there was a potential hazard located in the gore area, its duty to provide and guarantee a safe road on which to travel was met. DOTD further contends it is not responsible for furnishing overhead lights on state highways.
*486 DOTD has a legal duty to maintain the public highways in a reasonably safe condition. Vestal v. Kirkland, 11—419 (La.App. 3 Cir. 11/23/11); 81 So.3d 748, citing Sinitiere v. Lavergne, 391 So.2d 821 (La.1980). This duty extends to the shoulders of the highways as well. Id., citing Graves v. Page, 96-2201 (La.11/7/97); 703 So.2d 566. DOTD’s duty to maintain safe shoulders encompasses the foreseeable risk that for any number of reasons, “whether as a result of inattentiveness or negligence,” a motorist might find himself traveling on, or partially on, the shoulder. Id., citing Petre v. State ex rel. Dept. of Transp. and Dev., 01-876 (La.4/3/02); 817 So.2d 1107, 1112. DOTD’s duty to the traveling Rpublic is breached only when the highway at the scene of the accident is found to create an unreasonably dangerous condition. Id. Under our comparative negligence system, even motorists who are slightly exceeding the speed limit, momentarily inattentive, or otherwise negligent may recover from DOTD. Id. For purposes of this analysis, we will liken the gore area of the highway to the shoulders of a highway and apply the same law.
After reviewing the record, we find there are genuine issues of material fact remaining against DOTD. Trooper Mayes testified in his deposition and reported in his traffic crash report that Mr. Farve’s vehicle hit the exposed metal rail of the crash attenuator, the accident occurred in a dimly lit area, and the reflective diamond for the crash attenuator had been damaged from the previous crash and was located on the right shoulder of the roadway. Both Trooper Mayes and Trooper Flynn testified in their depositions that they filled out a report to DOTD after the accidents indicating that the crash attenuator was damaged. Reasonable persons could disagree as to whether the exposed metal rail of the impacted crash attenuator without the reflective diamond attached (or some other type of warning device) posed an unreasonable risk of harm to Mr. Farve as a motorist traveling on the interstate, whether DOTD is liable for that negligence, and whether any percentage of fault should be allocated to DOTD. At this point in the proceeding, summary judgment in favor of DOTD is not appropriate. Accordingly, we reverse the trial court’s granting of DOTD’s re-urged motion for summary judgment.

Summary Judgment in favor of Boh Bros.

Appellants allege the trial court erred in determining Boh Bros, was entitled to summary judgment when genuine issues of material fact exist regarding its responsibility to further warn motorists of the damaged crash attenuator by replacing the reflective diamond or taking some other safety precaution.
| inBoh Bros, contends summary judgment in its favor was proper because 1) the accident was solely Mr. Farve’s fault, and 2) it did not breach any duty it may have owed to the motoring public. Boh Bros, avers that if Mr. Farve had stayed in the correct lane of travel, the accident would not have occurred. Boh Bros, further avers it could not have breached any duty to the motoring public because there was no hazard to the area. Boh Bros, asserts the State Troopers who investigated the two separate accidents felt the area was safe for motorists. Boh Bros, also asserts the crash attenuator is not a traffic control device listed in the Manual on Uniform Traffic Control Devices; instead, it is simply a safety device that actually performed its job in this matter. Additionally, Boh Bros, avers that, because of the logistics involved in replacing the crash attenuator, it did everything it could do given the contracts between the parties and the DOTD regulations and promptly *487 replaced the crash attenuator on August 30, 2007.
After reviewing the record, we find there are genuine issues of material fact remaining against Boh Bros, and its insurer, Illinois National Casualty Company. Trooper Mayes testified in his deposition and reported in his traffic crash report that Mr. Farve’s vehicle hit the exposed metal rail of the crash attenuator, the accident occurred in a dimly lit area, and the reflective diamond for the crash attenuator had been damaged from the previous crash and was located on the right shoulder of the roadway. Additionally, as mentioned earlier, Mr. Mills became aware of the impacted crash attenuator several hours prior to Mr. Farve’s accident during his mandatory inspection of the site. Mr. Mills reported his findings to Mr. Henley, and in turn, Mr. Henley requested repair of the crash attenuator from the subcontractor. Reasonable persons could disagree as to whether the exposed metal rail of the impacted crash attenuator without a reflective diamond attached (or some other type of warning device) posed an unreasonable risk of harm to Mr. |nFarve as a motorist traveling on the interstate, whether Boh Bros, owed a duty to Mr. Farve to replace the reflective diamond and/or the crash attenuator on August 29, 2007, and whether any percentage of fault should be allocated to Boh Bros. At this point in the proceeding, summary judgment in favor of Boh Bros, is not appropriate. Accordingly, we reverse the trial court’s granting of the motion for summary judgment filed by Boh Bros, and Illinois National Casualty Company. Summary Judgments in favor of DPSC and Trooper Flynn
Appellants allege the trial court erred in determining DPSC and Trooper Flynn were entitled to summary judgment when genuine issues of material fact exist regarding Trooper Flynn’s duty to ensure the safety of motorists by warning them of the impacted crash attenuator in the dimly lit area. Appellants aver that Trooper Flynn should have taken whatever steps necessary to repair or replace the damaged area for the safety of the motorists after the Montero accident. Appellants further aver that all Trooper Flynn did was mail a report to DOTD and did nothing further to warn the public of the impacted crash attenuator.
DPSC argues that Trooper Flynn is a government agent who exercised discretion given to him by a government regulation ground by social policy; therefore, discretionary immunity must apply pursuant to LSA-R.S. 9:2798.1. DPSC avers that Trooper Flynn fully performed his duty by inspecting the Montero accident scene, arresting the intoxicated driver, filing his report, and notifying DOTD of the damaged attenuator. DPSC also avers that Mr. Farve caused the accident in question by driving into the gore area before directly impacting the already crushed crash attenuator.
LSA-R.S. 9:2798.1(B) provides, “[l]iability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when |12such acts are within the course and scope of their lawful powers and duties.” However, the application of this affirmative defense is “a question of fact to be determined through a trial.” Johnson v. Orleans Parish School Board, 06-1223 (La.App. 4 Cir. 1/30/08); 975 So.2d 698, 710.
When a law enforcement officer becomes aware of a dangerous traffic situation, he has the affirmative duty to see that motorists are not subjected to unrea *488 sonable risks of harm. Hutchins v. Liberty Mut. Ins., 02-943 (La.App. 5 Cir. 3/25/03); 844 So.2d 168, 172.
After reviewing the record, we find there are genuine issues of material fact remaining against DPSC and Trooper Flynn. Although Trooper Flynn acted as a government agent during his investigation of the Montero accident, the determination as to whether LSA-R.S. 9:2798.1 applies in this case is not proper for summary judgment. In addition, Trooper Mayes testified in his deposition and reported in his traffic crash report that Mr. Farve’s vehicle hit the exposed metal rail of the crash attenuator, the accident occurred in a dimly lit area, and the reflective diamond for the crash attenuator had been damaged from the previous crash and was located on the right shoulder of the roadway. During his deposition, Trooper Flynn testified that he did not attempt to replace the reflective diamond because he did not think it was necessary. Trooper Flynn also stated that he left the Montero accident scene, an accident he was investigating, prior to the complete clearing of the roadway.
Reasonable persons could disagree as to whether the exposed metal rail of the impacted crash attenuator without a reflective diamond attached (or some other type of warning device) posed an unreasonable risk of harm to Mr. Farve as a motorist traveling on the interstate, whether DPSC and Trooper Flynn owed a duty to Mr. Farve to replace the reflective diamond on the crash attenuator or to provide 113some other form of warning to ensure motorists’ safety, and whether DPSC and Trooper Flynn should be allocated any fault. At this point in the proceeding, summary judgment in favor of DPSC and Trooper Flynn is not appropriate. Accordingly, we reverse the trial court’s granting of the motion for summary judgment filed by DPSC and Trooper Flynn.

Fault Determination of Mr. Farve

Appellants argue the trial court erred in making a factual determination that Mr. Farve was 100% at fault. Appellants contend that the issue of comparative fault is one for a jury and cannot be decided by way of summary judgment, particularly when genuine issues of material fact exists.
Considering the fact that we have found that genuine issues of material fact exist pertaining to each of the Appellees involved in this matter, this issue is moot.
DECREE
For the foregoing reasons, we reverse the granting of the summary judgments in favor of Boh Bros. Construction Company, L.L.C. and its insurer, Illinois National Casualty Company; the State of Louisiana, through the Department of Transportation and Development and the Department of Public Safety and Corrections, Office of the State Police; and Trooper Daniel Flynn. The matter is remanded to the trial court for further proceedings. Appellees are to bear the costs of this appeal.

REVERSED AND REMANDED