MARC E. JOHNSON, Judge.
12Plaintiff, May Deal Chambers-Johnson (“Ms. Johnson”), appeals the granting of a *474 motion for summary judgment in favor of defendant, Applebee’s International, Inc. (“Applebee’s Inc.”). For the reasons that follow, we affirm.
Ms. Johnson filed suit in June 2005 seeking damages for physical and psychological injuries she sustained after purchasing a salad that allegedly contained the tip of a human finger from an Apple-bee’s restaurant on Clearview Parkway. She asserted defendants, Applebee’s Inc., as the franchisor owner/operator of the Applebee’s restaurant;[1] Southern River Restaurants, LLC, as the franchisee owner/operator of the restaurant; and Jeremy Walcott and Raymond Mundy, as the managers of the restaurant, were liable for failing to provide sanitary food products, failing to provide safeguards against contaminated food, failing to properly train, supervise and monitor employees, and various other acts of negligence.
|sIn August 2011, Applebee’s Inc. filed a motion for summary judgment claiming Ms. Johnson would be unable to prove it was liable for the incident because it had no employees present at the restaurant on the date of the incident, and it did not train, monitor, supervise or otherwise direct the employees at the restaurant at any time. Applebee’s Inc. asserted the restaurant was owned and operated at all times by franchisee, Southern River Restaurants, LLC (“SRR”). Applebee’s Inc. contended there was no association between Applebee’s Inc. and the restaurant that created any duty on its behalf to protect Ms. Johnson against the injuries allegedly sustained. To support its position that it did not have an obligation or duty to perform any of the acts alleged by plaintiff in her petition, Applebee’s Inc. submitted the affidavit of Thomas Havrilla, the Area Director for SRR, who supervises six different restaurants including the Ap-plebee’s restaurant at issue.
In his affidavit, Mr. Havrilla stated that the Applebee’s restaurant at issue was owned by SRR, and that Applebee’s Inc. did not own or operate the restaurant on the date of the incident. He explained that all the restaurant workers were employed by SRR, and that SRR had the sole responsibility to train, supervise and monitor its own employees. Mr. Havrilla specifically stated that Applebee’s Inc. did not employ any of the personnel working for the restaurant and did not train, supervise or monitor the employees at the restaurant. He further stated Applebee’s Inc. did not provide food products to the restaurant and did not maintain the restaurant. Mr. Havrilla expressly stated that it was SRR’s responsibility to provide safeguards against contaminated food.
In addition to Mr. Havrilla’s affidavit, Applebee’s Inc. attached a portion of plaintiffs deposition to its motion for summary judgment to show Ms. Johnson had no evidence or basis to support her claims against Applebee’s Inc. Applebee’s |4Inc. pointed to various portions of Ms. Johnson’s deposition where she was specifically asked how Applebee’s Inc.’s acts of omission were negligent. Ms. Johnson was unable to offer any information other than general claims that Applebee’s Inc. did not properly train or supervise the restaurant’s employees.
Ms. Johnson filed an opposition to the motion for summary judgment challenging the timeliness of the motion and claiming there were genuine issues of material fact that precluded summary judgment. Specifically, Ms. Johnson argued there were factual issues relating to whether SRR and its employees were acting based upon in- *475 struetions and standards given to them by Applebee’s Inc. and whether those instructions and standards were deficient.
In support of her opposition, Ms. Johnson attached a partial copy of the franchise agreement (“the Agreement”) between Ap-plebee’s Inc. and SRR and a portion of the deposition of Jeremy Walcott, one of the restaurant managers at the time of the incident. Ms. Johnson argued that the Agreement established that Applebee’s Inc., as the franchisor, dictated the standards by which SRR, the franchisee, had to operate the restaurant. Ms. Johnson maintained that these directives included the procedures for preparing food so as to promote uniformity of the food among all restaurants. She further contended the Agreement showed Applebee’s Inc. was responsible for training the general manager, kitchen manager and assistant manager of the restaurant regarding the standards, methods and techniques relevant to the performance of their duties as set forth by Applebee’s Inc. Ms. Johnson argued Applebee’s Inc.’s deficient standards contributed to the food contamination at issue.
Ms. Johnson further relied on Mr. Wal-cott’s deposition to show the procedures mandated for the Expeditor, the person responsible for the final presentation and garnishing of the food, were deficient. Specifically, Ms. Johnson |srelied on Mr. Walcott’s statement that the Expeditor is not required to lift up the chicken in a salad to make sure there is nothing foreign under it as evidence that Applebee’s Inc.’s standards were deficient.
After a hearing on August 15, 2011, the trial court granted Applebee’s Inc.’s motion for summary judgment and dismissed Ms. Johnson’s claims against Applebee’s Inc. It is this judgment from which Ms. Johnson appeals.[2]
On appeal, Ms. Johnson asserts there are genuine issues of material fact relating to the extent Applebee’s Inc. caused and/or contributed to the accident that preclude summary judgment. She contends there is sufficient evidence to show Applebee’s Inc. created and enforced safety standards and procedures, that those standards were defective, and that the defective standards caused and/or contributed to the accident. Ms. Johnson further contends the motion for summary judgment was untimely and, as such, the trial court erred in considering it.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The initial burden of proof is with the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of *476 factual support for one or more elements essential to the adverse party’s claim, action, or defense. The non-moving party must then produce factual support sufficient to establish that he will |fibe able to satisfy his evidentiary burden of proof at trial. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. art. 966(C)(2); Callis v. Jefferson Parish Hosp. Service, Dist. # 1, 07-580 (La.App. 5 Cir. 12/27/07), 975 So.2d 641, 643.
Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Specifically, appellate courts must ask the same questions as the district court: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Matthews v. Banner, 08-389 (La.App. 5 Cir. 10/28/08), 996 So.2d 1161, 1163. Whether a particular fact is material can be seen only in light of the substantive law applicable to the case. Kline v. Farm Bureau Ins. Companies, 06-129 (La.App. 5 Cir. 9/26/06), 942 So.2d 1080, 1083, writ denied, 06-2575 (La.12/15/06), 945 So.2d 697.
A restaurant is not strictly liable for the food it serves. Porteous v. St. Ann’s Cafe & Deli, 97-837 (La.5/29/98), 713 So.2d 454, 456. Rather, the proper analysis to determine a restaurant’s liability for foreign substances or things found in food is the traditional duty-risk tort analysis. Under this analysis, the plaintiff must prove: (1) a duty; (2) a breach of that duty; (3) cause-in-fact; (4) scope of liability or scope of protection; and (5) damages. Id.
The threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law. Lemann v. Essen Lane Daiquiris, Inc., 05-1095 (La.3/10/06), 923 So.2d 627, 633. The Louisiana Supreme Court has explained:
In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. The inquiry is whether the |7plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty. [Citations omitted.]
The duty of a commercial restaurant to serve food free of injurious substance has been stated as follows: “A food provider, in selecting, preparing and cooking food, including the removal of injurious substances, has a duty to act as would a reasonably prudent man skilled in the culinary art in the selection and preparation of food.” Porteous, 713 So.2d at 457.
In this case, Applebee’s Inc. showed, through the affidavit of Mr. Hav-rilla, that as a franchisor, it did not provide, prepare, or cook the food at issue nor did it own or operate the restaurant. Nonetheless, Ms. Johnson contends that Applebee’s Inc. set forth the standards and directed the overall process by which the food was selected, prepared and cooked as part of its desire for uniformity among the franchise restaurant. She cited portions of the franchise agreement wherein SRR agreed to “adher[e] strictly to Franchisor’s standards and specifications relating to the selection, purchase, storage, preparation, packaging, service and sale of all food and beverage products being sold at the Restaurant.” She noted that in the Agreement, Applebee’s Inc. agreed to advise and train SRR regarding food and beverage preparation, and advise and assist SRR in managing and operating the restaurant. Ms. Johnson maintains that Applebee’s *477 Inc.’s standards, which SRR was required to follow, were clearly deficient.
Despite Ms. Johnson’s contentions, we find she failed to demonstrate that Apple-bee’s Inc., as a franchisor, breached any duty owed to her as a patron of the franchise restaurant. A review of the limited portion of the franchise agreement provided in the record shows Applebee’s Inc. supplied manuals regarding its requirements, ^standards, and procedures relating to food preparation to SRR, and SRR agreed to perform, fulfill, observe and follow all instructions, requirements, standards and procedures contained in the manuals. The Agreement further provided that SRR was responsible for the restaurant’s compliance with:
the operating standards, methods, techniques and material taught at Franchisor’s operations training course, and shall cause the employees of the Restaurant to be trained in such standards, methods and techniques as are relevant to the performance of their respective duties.
The Agreement in this case primarily insured the uniformity and standardization of products and services offered by an Applebee’s restaurant. Nothing in the Agreement affected SRR’s control of the daily operations within the restaurant.
Despite claiming Applebee’s Inc.’s standards regarding food preparation were deficient, Ms. Johnson offered no evidence regarding the substance of these standards. None of the manuals referenced in the Agreement were submitted and there was no testimony regarding these standards. Additionally, although Ms. Johnson seems to assert SRR followed the standards set forth by Applebee’s Inc., she offered no evidence to support this assertion. While Mr. Walcott’s deposition testimony discussed the responsibility of the Expeditor and procedures to be followed in certain hypothetical situations, there was no indication the established protocol or lack thereof came from or was dictated by Applebee’s Inc. Furthermore, Ms. Johnson offered no evidence that Applebee’s Inc.’s standards for food preparation were deficient.
Accordingly, we find Ms. Johnson failed to produce factual support sufficient to show that she would be able to satisfy her evidentiary burden of proof at trial. Thus, we find there is no genuine issue of material fact and summary judgment was properly rendered in favor of Applebee’s Inc.
|3We further find no merit in Ms. Johnson’s claim that the trial court abused its discretion in considering an allegedly untimely motion for summary judgment. It is clear that a trial court has wide discretion in controlling its docket and case management. Krepps v. Hindelang, 97-980 (La.App. 5 Cir. 4/15/98), 713 So.2d 519, 527. A trial court’s decision with regard to control of its docket and case management is to be set aside by the appellate court only when there has been an abuse of discretion. An appellate court’s interference with trial court matters, such as control of a docket and case management, should be done so only with reluctance and in extreme cases. Daigle v. City of Shreveport, 46,429 (La.App. 2 Cir. 10/5/11), 78 So.3d 753, 763, writ denied, 11-2472 (La.2/3/12), 79 So.3d 1027. The record in this case shows many delays, the majority of which were caused by plaintiff. Many of the delays were for discovery matters plaintiff claimed were necessary and then never consummated. As such, we cannot say the trial court abused its discretion in considering Apple-bee’s Inc.’s allegedly untimely motion for summary judgment.

DECREE

For the foregoing reasons, we find summary judgment was properly granted in *478 favor of Applebee’s International, Inc. Accordingly, we affirm the trial court’s granting of summary judgment in favor of Ap-plebee’s International Inc.

AFFIRMED

. Johnson improperly named Applebee’s Inc. as "Applebee’s Restaurant (a/k/a) Applebee’s Neighborhood Grill & Bar” in her petition for damages.

. In her motion for appeal, Ms. Johnson requested a stay of the proceedings against the remaining defendants, SRR, Raymond Mun-dy, and Jeremy Walcott; however, the trial court denied her request. A five-day jury trial against the remaining defendants commenced on August 29, 2011, two weeks after summary judgment was granted in favor of Applebee's Inc. The jury returned a verdict in favor of defendants finding the defendants were not negligent. Thereafter, Ms. Johnson filed a Motion for Judgment Notwithstanding the Verdict. On February 3, 2012, the trial court granted the motion and awarded Ms. Johnson $17,215.96. Defendants filed a motion for appeal, but the trial court ultimately determined the motion was premature because there was a pending Motion for Additur, which had been filed by Ms. Johnson. The record before us does not include any further proceedings relevant to this matter.