MARC E. JOHNSON, Judge.
12Defendant/AppeIlant, Daughters of St. Paul, Inc. d/b/a Pauline Books & Media (hereinafter referred to as “Pauline Books”), seeks review of the trial court’s granting of summary judgment on the enforcement of a zoning ordinance in favor of Plaintiff/Appellee, Parish of Jefferson (hereinafter referred to as “the Parish”), in the 24th Judicial District Court, Division “M”. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On June 15, 2002, Jefferson Parish Ordinance No. 21597 became effective. The ordinance set forth regulations relative to the use and lease of the Parish’s rights-of-ways within the Comprehensive Zoning Ordinance for Commercial Parkway Overlay Zone (hereinafter referred to as “CPZ”) and the appropriate compensation for such use. Pauline Books owns and operates a business at 4403 Veterans Memorial Boulevard, which is within the comprehensive zoning area subject to the CPZ. Pauline Books is a non-profit foreign corporation that has a community of religious women who vowed their lives to sharing their beliefs through media. The area of property located directly in front of the business is owned by the Parish but is used for parking by Pauline Books. Since 2002, the | sParish had attempted without success to enter into a CPZ lease with Pauline Books, which would allow the business to continue to use the property in consideration of annual lease payments.
On September 20, 2008, the Parish filed an action against Pauline Books, alleging the business violated the Jefferson Parish Municipal Code by failing to lease the 2,400 square feet of right-of-way in front of the business that was being used for parking. The petition requested that the trial court order Pauline Books to enter into and pay a lease for the right-of-way and make payment in the amount of $18,816.00 for the failure to lease the property for the years of 2003-2008. Pauline Books answered the Petition, denying that the Parish was entitled to relief and asserting affirmative defenses. One of the defenses asserted by Pauline Books was the CPZ was an impermissible land-use regulation prohibited by the Religious Land Use and Institutionalized Person’s Act of 2000 (hereinafter referred to as “RLUIPA”), 42 U.S.C.A § 2000cc, et seq. Pauline Books also reconvened, seeking a declaratory judgment that the Parish’s claims were barred by the RLUIPA.
On September 15, 2009, the Parish moved for summary judgment that Pauline Books be ordered to enter into the lease for the right-of-way and to have the recon-ventional demand dismissed. Pauline Books also moved for summary judgment on April 21, 2010, asserting it was entitled to a judgment as a matter of law and requested exemption from the CPZ under RLUIPA. The hearing on the motions was held on June 15, 2010. In its judgment rendered on August 24, 2010, the trial court found the RLUIPA did not apply to this action, granted summary judgment in favor of the Parish, and denied Pauline Books’ motion.
On September 1, 2010, Pauline Books moved for a new trial or for reconsideration of the August 24, 2010 judgment. The Parish moved for summary | ¿judgment to set the amount owed for the CPZ lease payments it claimed it was entitled to receive and opposed Pauline Books’ motion on December 20, - 2010. On January 17, 2012, the trial court denied Pauline Books’ *374 motion and granted summary judgment in favor of the Parish. The trial court awarded the Parish $6,720.00 per year for the years of 2008-2012, ordered Pauline Books to pay the amounts sought by the Parish as they come due in the future, and found that the Parish’s claims for any payments owed prior to 2002 were prescribed. The instant appeal followed.
ASSIGNMENT OF ERROR
On appeal, Pauline Books alleges the trial court erred by finding the CPZ ordinance did not impose a substantial burden on the exercise of its religious beliefs and practices, and that 42 U.S.C.A § 2000cc, et seq., did not apply to this action.
LAW AND ANALYSIS

General Law

Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, asking whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Favre v. Boh Bros. Const. Co., L.L.C., 11-451, p. 7 (La.App. 5 Cir. 3/13/12); 90 So.3d 481, 485, writ denied, 12-1024 (La.6/22/12); 91 So.3d 976. The summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law. Id. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the movant is entitled to judgment as a matter of law. Id.
| sThe initial burden of proof is with the mover to show that no genuine issue of material fact exists. Chambers-Johnson v. Applebee’s Restaurant, 12-98, p. 5 (La.App. 5 Cir. 9/11/12); 101 So.3d 473, 475-476. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Id. The non-moving party must then produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Id. at 5-6; 101 So.3d at 476. If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. Id.

Religious Land Use and Institutionalized Person’s Act

Pauline Books alleges the trial court erred in granting summary judgment as a matter of law in favor of the Parish on the basis the CPZ ordinance did not impose a substantial burden on the exercise of its religious beliefs and practices, and that the RLUIPA did not apply to this action. Pauline Books argues the CPZ ordinance imposes a substantial burden on its exercise of religious beliefs and practices through making its use of the building on its property effectively impractical. Pauline Books avers the choice of either leasing the right-of-way from the Parish or forfeiting the right to use the right-of-way brings significant pressure that directly coerces it to conform its behavior or effectively bars it from using its building on the property in the exercise of its religion. Pauline Books contends leasing the right-of-way would coerce it to change its behavior by either increasing its income (through increasing costs in the Pauline Books’ outlet or charging for services, such as, counseling or use of the chapel) or by decreasing the services and goods it provides in the exercise of its religion. Pau *375 line Books further contends that not leasing the right-of-way would effectively bar it from using the property in | fithe exercise of its religion because no vehicle would be able to access the property from Veterans Memorial Blvd. With either choice, Pauline Books argues the imposition of the CPZ ordinance is impermissible under RLUIPA.
Conversely, the Parish avers the trial court’s ruling was correct because it is not requiring Pauline Books to modify its religious behavior and/or violate its religious beliefs; it is simply requiring Pauline Books to comply with the same provisions that other business owners along Veterans Memorial Blvd. are required to comply— payment of the fair market value for land owned by the Parish. Thus, the Parish contends the CPZ ordinance is facially neutral and does not impose a substantial burden on Pauline Books. Additionally, the Parish avers it is constitutionally prohibited pursuant to La. Const. Art. VII, § 14(A) from allowing Pauline Books to use public property without adequate consideration. The Parish contends that an outright exemption to the imposition of the CPZ ordinance for Pauline Books would be in violation of the Louisiana Constitution and Louisiana Supreme Court jurisprudence.
RLUIPA is the latest of long-running congressional efforts to accord religious exercise heightened protection from government-imposed burdens, consistent with the United States Supreme Court’s precedents. Cutter v. Wilkinson, 544 U.S. 709, 714, 125 S.Ct. 2113, 2117, 161 L.Ed.2d 1020 (2005). RLUIPA borrows important elements from the Religious Freedom Restoration Act of 1993, but RLUIPA is less sweeping in scope. Sossamon v. Texas, — U.S. -, 131 S.Ct. 1651, 1656, 179 L.Ed.2d 700 (2011). It targets two areas of state and local action: land-use regulation and restrictions on religious exercise of institutionalized persons. Id.
The first subsection of Section 2 of RLUIPA contains the Substantial Burden Clause, which prohibits the imposition or implementation of a land-use regulation |7in a manner that imposes a “substantial burden” on the religious exercise of a person, assembly or institution, unless the government can show that the regulation furthers a “compelling governmental interest” by “the least restrictive means.” Id. at 290. RLUIPA defines a “land use regulation” as
a zoning or landmarking law ... that limits or restricts a claimant’s use or development of land (including a structure affixed to land), if the claimant has an ownership, leasehold, easement, servitude, or other property interest in the regulated land or a contract or option to acquire such an interest.
42 U.S.C.A § 2000ce-5(5).
Thus, “a government agency implements a ‘land use regulation’ only when it acts pursuant to a ‘zoning or landmarking law* that limits the manner in which a claimant may develop or use property in which the claimant has an interest.” Prater v. City of Burnside, Ky., 289 F.3d 417, 434 (6th Cir .2002).
Under RLUIPA, the government bears the burden of persuasion once a religious plaintiff establishes a prima facie case of a violation. Opulent Life Church v. City of Holly Springs, 697 F.3d 279, 290 (5th Cir.2012). In order for plaintiff to establish a prima facie case, the facts must sufficiently show that governmental activity: 1) imposes a substantial burden, 2) on the “religious exercise,” 3) of a person, institution or assembly. 42 U.S.C. § 2000cc(a)(l). If a plaintiff produces prima facie evidence to support a claim alleging a violation of the Free Ex *376 ercise Clause or a violation of Section 2 of RLUIPA, the government shall bear the burden of persuasion on any element of the claim, except that the plaintiff shall bear the burden of persuasion on whether the law (including a regulation) or government practice that is challenged by the claim substantially burdens the plaintiffs exercise of religion. Opulent Life Church at 291.
RLUIPA does not define “substantial burden.” However, it has been held that in order for a land use regulation to impose a “substantial burden,” it must be 18“oppressive” to a “significantly great” extent. San Jose Christian Coll. v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir.2004). • That is, a “substantial burden” on “religious exercise” must impose a significantly great restriction or onus upon such exercise. Id. A substantial burden “must place more than an inconvenience on religious exercise; a ‘substantial burden’ is akin to significant pressure which directly coerces the religious adherent to conform its behavior accordingly.” Id.
In the instant matter, Pauline Books is successful in proving it is a religious institution exercising its religious freedom. However, we find Pauline Books has failed to establish a prima facie case that the CPZ ordinance imposes a substantial burden on its exercise of religion. We do not find the leasing of the right-of-way infringes on Pauline Books’ religious behavior. The financial burden of leasing the right-of-way, which is being applied to all businesses in the comprehensive zoning area, is not a great restriction or onus upon Pauline Books’ religious exercise.
Additionally, forfeiting use of the right-of-way does not make the property “effectively impractical.” Ingress and egress to the property would not be prohibited; parking in the spaces in front of the property would be prohibited. We do not find Pauline Books’ inconvenience of either having to find alternate parking around the building or having to possibly increase its income rises to the level of “substantial burden” intended by RLUIPA.
Because of Pauline Books’ failure to present a prima facie case, we hold RLUI-PA does not apply to the Parish’s CPZ ordinance and further analysis under the Act is pretermitted. Therefore, we find summary judgment in favor of the Parish appropriate.
[9DECREE
For the foregoing reasons, we affirm the trial court’s granting of summary judgment in favor of the Parish and against Pauline Books. Each party is to bear its own costs of this appeal.

AFFIRMED