JOHNSON, J.,
dissents with reasons.
|TI, respectfully, dissent from the majority opinion on the analysis of the discretionary immunity statute, La. R.S. 9:2798.1. The opinion rejects the Haabs’ assertion that the question of “ ‘[w]hether the foolishness of this Plan rose to the level of criminal, willful, outrageous, reckless, and flagrant misconduct is a question of fact’ ” and finds “the question of whether a given set of conduct rises to the level of ‘criminal, willful, outrageous, reckless, or flagrant misconduct’ is purely a question of law, and is within the province of the trial court to determine at the summary judgment stage.” However, the opinion provides no jurisprudential support for the assertion that the question is purely a question of law. When considering the issue of whether the misconduct of a political subdivision is criminal, willful, outrageous, reckless, or flagrant, there is juris *1183 prudence that squarely opposes the point of law set forth in the opinion.
In Favre v. Boh Bros. Const., L.L.C., 11-451 (La.App. 5 Cir. 3/13/12); 90 So.3d 481, 489, writ denied, 12-1024 (La.6/22/12); 91 So.3d 976, this Court held that the application of La. R.S. 9:2798.1 is a question of fact to be determined through a trial. The Louisiana Third Circuit, in Murphy Cormier General Contractor, Inc. v. State, 12-1000 (La.App. 3 Cir. 5/22/13); 114 So.3d 567, 599, writ denied, 13-1491 (La.11/1/13); 125 So.3d 430, has stated, “The trier of fact determines whether, under the facts of the particular case, the officials are entitled to immunity.” (See also, Chaney v. National Railroad Passenger Corp., 583 So.2d 926 (La.App. 1st Cir.1991)), where the court found:
Whether or not the exercise of discretion by a governmental entity is a policy-making decision as contemplated by La. R.S. 9:2798.1, or an operational decision, is a question of fact. Likewise, whether the exercise of the discretion is protected by the discretionary immunity statute, or whether it is “willful, outrageous, reckless, or flagrant misconduct” is also a factual question. (Citations omitted).
Thus, from the jurisprudence mentioned, the question of whether a given set of conduct rises to the level of “criminal, willful, outrageous, reckless, or flagrant misconduct,” is a factual question, not a purely legal question.
By considering the Haabs’ issue solely as a question of law, the majority opinion determines through summary judgment that the defendants are entitled to the affirmative defenses of discretionary immunity and Louisiana Homeland Security Act immunity, which is contrary to the controlling jurisprudence held in Favre, supra, and other jurisprudence reviewing willful misconduct. Additionally, the opinion does not consider all of the evidence presented. The majority opinion totally dismisses Constable Dan Civello’s affidavit from consideration; yet, it wholly adopts the defendants’ position by holding, “the evidence shows that the employee defendants, who were required to make instantaneous decisions during a crisis situation, were doing their best to comply with the mandates of the Plan, and 13still be responsive to the needs of the public.” In essence, the majority opinion makes factual determinations on affirmative defenses through summary judgment by using the facade that it is determining a question of law. Those factual determinations are to be made by the trier of fact at trial, not on summary judgment.
I am of the opinion that the affidavit of Constable Dan Civello presents a genuine issue of material fact as to whether the conduct of the defendants in response to the house fire rises to the level of “criminal, willful, outrageous, reckless, or flagrant misconduct” sufficient to preclude summary judgment. Therefore, I would reverse the summary judgment and remand the matter to the trial court for further proceedings.