# STATE OF LOUISIANA
# COURT OF APPEAL

## FIRST CIRCUIT

## 2021 CA 0607

**ELAINE T. MARSHALL, INDIVIDUALLY AND AS CO-TRUSTEE OF THE MARSHALL LEGACY FOUNDATION AND THE MARSHALL HERITAGE FOUNDATION, ET AL**

## VERSUS

## PRESTON L. MARSHALL

**Judgment Rendered: DEC 2 7 2021.**

\* \* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 656,183, Section 23

Honorable William A. Morvant, Judge Presiding

\* \* \* \* \* \*

James M. Garner
Joshua S. Force
Ashley G. Coker
New Orleans, Louisiana

Hunter W. Lundy
Rudie R. Soileau, Jr.
T. Houston Middleton
Daniel A. Kramer
Lake Charles, Louisiana

Kirk A. Patrick, III
Blaze A. Altazan
Matthew A. Rogers
Baton Rouge, Louisiana

Stephen J. Herman
Charles M. King
New Orleans, Louisiana

Max L. Tribble, *pro hac vice*
Houston, Texas

Jeffrey Chambers, *pro hac vice*
Houston, Texas

Attorneys for Defendant/Appellant
Preston L. Marshall

L.J. Hymel
Michael Reese Davis
Tim P. Hartdegen
Baton Rouge, Louisiana

Attorneys for Plaintiffs/Appellees
Elaine T. Marshall, individually and as Co-Trustee of the Marshall Legacy Foundation and The Marshall Heritage Foundation; Dr. Stephen D. Cook, as Co-

Trustee of the Marshall Legacy Foundation and The Marshall Heritage Foundation; and E. Pierce Marshall, Jr.

**BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.**

**McCLENDON, J.**

The defendant/appellant, Preston L. Marshall, filed this restricted appeal pursuant to La. R.S. 9:1791 seeking reversal of the trial court's judgment granting the plaintiffs/appellees' motion to remove him as trustee of a charitable remainder unitrust. In connection with this appeal, appellant also seeks review of interlocutory judgments denying his motion to continue the hearing on the motion to remove him as trustee and denying his motion to recuse the trial judge or, alternatively, to transfer the matter. For reasons set forth below, we affirm the judgments of the trial court denying the motion to continue, denying the motion to recuse/transfer, and granting the plaintiffs' motion to remove appellant as trustee. We also deny plaintiffs' motion to dismiss or strike appellant's assignments of error concerning the interlocutory judgment denying the motion to recuse/transfer.

## FACTS AND PROCEDURAL HISTORY

This appeal concerns an on-going trust dispute involving the Marshall family EPS/EPM Charitable Remainder Unitrust (CRUT). On September 19, 2017, the trial court signed a judgment granting in part and denying in part a motion for injunctive relief filed by plaintiffs, Elaine T. Marshall (Preston's mother), E. Pierce Marshall, Jr. (Preston's brother), and Dr. Stephen D. Cook. The September 19, 2017 judgment enjoined Preston from withholding CRUT accountings and ordered him to immediately render clear and accurate accountings of the CRUT. It further enjoined Preston from withholding distributions to Elaine, the sole non-charitable beneficiary, and ordered that he make all distributions due to Elaine to the extent the distributions made in August 2017 did not fulfill his obligation.[1]

On April 2, 2019, the trial court signed a judgment granting a motion for contempt filed by Elaine, finding that Preston willfully violated the September 19, 2017 mandatory injunction by, among other things, refusing to provide required accountings and quarterly

---

[1] The September 2017 judgment was the subject of a prior writ application and appeal, wherein the plaintiffs sought reversal of the denial of their motion to remove Preston as trustee. **Marshall v. Marshall,** 2017-1494 (La. App. 1st Cir. 3/7/18), 2018 WL 1182895 (unpublished) (writ denied due to failure to satisfy the criteria set forth in **Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.,** 396 So.2d 878 (La. 1981) (per curiam)), writ denied, 2018-0550 (La. 5/25/18), 243 So.3d 569, and **Marshall v. Marshall,** 2018-0354 (La. App. 1st Cir. 11/2/18), 2018 WL 5733004 (unpublished) (appeal dismissed for lack of appellate jurisdiction).

3

distributions from the CRUT and by failing to file tax returns and timely issue K-1s, subjecting the CRUT to the imposition of taxes, penalties, and interest by the IRS. The trial court also found that Preston improperly used CRUT funds to pay his litigation costs and attorney's fees and ordered Preston to repay the amounts owed "forthwith." Finally, the April 2, 2019 judgment removed Preston as trustee of the CRUT as a contempt sanction and punishment for the violation of his fiduciary duties owed to the trust and appointed Dr. Cook as Preston's successor trustee in accordance with the trust documents.

The April 2, 2019 judgment was the subject of **Marshall v. Marshall**, 2019-0601, 2019-0879 (La. App. 1st Cir. 7/14/20), 308 So.3d 1178, writ denied, 2020-01009 (La. 11/4/20), 303 So.3d 652 (referred to as "**Marshall I**").[2] This court affirmed the judgment insofar as it found Preston guilty of contempt for violating a mandatory injunction issued by the trial court on September 19, 2017. However, **Marshall I** reversed the portions of the April 2, 2019 judgment that removed Preston as trustee as punishment for contempt of court, ordered him to reimburse the trust for funds used to pay personal attorney's fees and litigation costs, and appointed his successor. **Id.** at 1185. As explained in the prior appeal, the appropriate punishment for contempt under La. R.S. 13:4611 is the imposition of a fine and/or imprisonment. Accordingly, the matter was remanded for sentencing on the contempt judgment and for further proceedings in conformity with this court's opinion. **Id.** at 1186.

As to the trial court's contempt finding, this court in **Marshall I** found no manifest error in the trial court's determination that Preston failed to make distributions in 2018. **Id.** at 1183. This court further found no error in the trial court's credibility determinations and clear rejection of Preston's "excuses," particularly his assertion that a hold placed on the CRUT by JP Morgan prevented him from making the required 2018 distributions. **Id.** To support his position, Preston relied on a letter from JP Morgan, which he purportedly received in March/April 2018 but which he failed to produce until after the March 18,

---

[2] We adopt by reference the full factual background and procedural history of the litigation set forth in this court's prior opinions. **Marshall**, 2018 WL 5733004, at *1-2; **Marshall I**, 308 So.3d at 1179-1186.

4

2019 contempt hearing. However, as this court noted in **Marshall I**, "without detailed discussion, that the actual JP Morgan Chase letter does not support Preston's excuse for not making timely CRUT distributions." **Id**. at 1183.

After the case was remanded, on November 10, 2020, the plaintiffs filed a motion to sentence Preston for contempt for violating the September 19, 2017 judgment. The plaintiffs also filed a motion to remove Preston as trustee and requested expedited consideration. Both motions were set for hearing on December 7, 2020. Although some proceedings were still being conducted electronically due to the ongoing COVID-19 pandemic, the December 7th hearing was set to be held in person.

On November 20, 2020, Preston fax filed a motion to continue the December 7th hearing until after January 8, 2021, the date JP Morgan agreed to produce documents to Preston in a Texas probate proceeding. Preston maintained these documents were "critical for resolving the motions" set on December 7th and were needed to show "the reasons for the JP Morgan CRUT account closure and the Plaintiffs' involvement in the CRUT closure." Preston asserted that he exercised due diligence in attempting to obtain this "critical" evidence; thus, a continuance was mandatory pursuant to La. Code Civ. P. art. 1602. Alternatively, Preston argued that good grounds existed to warrant a continuance under La. Code Civ. P. art. 1601.

The plaintiffs opposed, asserting that Preston failed to exercise due diligence to obtain the documents, noting he first learned that JP Morgan purportedly placed a hold on the CRUT in early 2018. The plaintiffs pointed out that Preston issued a subpoena duces tecum to JP Morgan in this proceeding in January 2019 but did nothing to enforce compliance or obtain the subject documents.

In reply, Preston argued that he was not attempting to relitigate the contempt finding but, instead, needed the JP Morgan documents to refute the plaintiffs' motion to remove him as trustee. Preston focused on his more recent effort to obtain the JP Morgan documents, referring to an October 2020 agreement with JP Morgan to produce the documents in the Texas proceeding.

Preston's request for a continuance was the first motion taken up on December 7, 2020. The trial court denied the motion, concluding that Preston waited over twenty

5

months to obtain the JP Morgan documents and, thus, failed to exercise due diligence. The court also noted that the documents were requested and to be produced in a Marshall family probate proceeding in Texas, not the matter pending before the court. A written judgment denying the motion to continue was signed on December 23, 2020.

After the trial court denied the continuance, Preston's counsel advised the court "we're going to file" a motion to recuse or alternative motion to transfer the matter to the 14th Judicial District Court, where an ad hoc judge was assigned to hear other Marshall family litigation. The trial court declined to consider an oral motion to recuse but advised counsel he would consider a written motion once it was filed and presented to the court. After Preston was sworn-in as the first witness on the motion to remove him as trustee, but before he testified, the court was presented with a written motion to recuse and alternative motion to transfer. The court denied the motion from the bench, finding that it failed to set forth a basis for removal per La. Code Civ. P. art. 151. The court also noted that Preston initially transferred this matter from the 14th Judicial District to the 19th Judicial District and, thus, denied his alternative request to transfer the case back to the 14th Judicial District. A written judgment denying the motion to recuse was signed on January 22, 2021.

At the conclusion of the December 7, 2020 hearing, the trial court granted plaintiffs' motion to remove Preston as trustee. The trial court concluded that Preston showed "utter distain and disregard" for his mother as trust beneficiary, the trust, the Trust Code, and the court. The judgment signed on December 23, 2020 removed Preston as trustee and ordered him to fully reimburse the trust for any funds used to pay his litigation costs to the extent they have not been reimbursed and to provide a full and complete final accounting to the trust beneficiaries. Additionally, the judgment appointed Dr. Cook as trustee to succeed Preston in accordance with the trust instrument.

## ISSUES ON APPEAL

Preston filed the instant restricted appeal of the two December 23, 2020 judgments and the January 22, 2021 judgment pursuant to La. R.S. 9:1791, which provides that an appeal may be taken from an order or judgment removing a trustee. Preston identifies four assignments of error, three of which challenge the denial of his

6

motion to continue and motion to recuse/transfer. Preston's fourth assignment of error states,

> Because the District Court erred as a matter of law when it denied the Motion to Continue and Motion for Recusal, the District Court erred when it granted the Motion to Remove as it should not have heard the Motion to Remove at the December 7 hearing.

Preston does not assert that the trial court erred by granting the motion to remove him as CRUT trustee on the merits nor does he present argument on the merits of the removal.

**Plaintiffs' Motion to Dismiss or Strike:**

Plaintiffs filed a motion with this court to dismiss or strike Preston's assignments of error regarding the denial of the motion to recuse/transfer, asserting this court lacks jurisdiction to consider the January 22, 2021 judgment on appeal.

In February 2021, Preston filed a writ with this court seeking reversal of the trial court's January 22, 2021 judgment denying the motion to recuse/transfer. A different panel of this court denied the writ. **Marshall v. Marshall**, 2021-0128 (La. App. 1st Cir. 4/22/21) 2021 WL 1577669 (unpublished), writ denied, 2021-00720 (La. 10/1/21), 324 So.3d 1064. After denying the writ, the panel stated,

> La. Code Civ. P. art. 154 provides that a party desiring to recuse a judge shall file a written motion prior to trial or hearing unless the party discovers the facts constituting the grounds thereafter. The defendant herein apparently had a motion to recuse prepared, but chose not to file such motion until the district court denied his motion for continuance in open court.

Plaintiffs argue that this court already exercised supervisory jurisdiction to consider the merits of this interlocutory judgment and may not reconsider the issue on appeal. We disagree.

First, we note that by previously denying Preston's writ this court declined to exercise supervisory jurisdiction. **Guilbeaux v. Lupo Enterprises, L.L.C.**, 2021-0053 (La. App. 4th Cir. 5/19/21), 321 So.3d 447, 453, writ denied, 2021-00844 (La. 10/12/21) ("The denial of a writ application is 'nothing more than the appellate court declining to exercise its supervisory jurisdiction'.") Additionally, both parties recognize that on a restricted appeal this court may consider the merits of an interlocutory judgment, which presents issues that are directly related to the appealable judgment. **Carrollton**

7

**Presbyterian Church v. Presbytery of S. Louisiana of Presbyterian Church (USA)**, 2011-0205 (La. App. 1st Cir. 9/14/11), 77 So.3d 975, 979, writ denied, 2011-2590 (La. 2/17/12), 82 So.3d 285, cert denied, 568 U.S. 818, 133 S.Ct. 150, 184 L.Ed.2d 32 (2012). After reviewing the record and the issues presented, we conclude that review of the interlocutory judgment denying the motion to recuse/transfer is warranted because resolution of the merits of the motion may significantly impact the viability of the judgment granting the motion to remove Preston as trustee.[3] Therefore, the motion to dismiss or strike is denied.

**Preston's Motion to Continue:**

In his first assignment of error, Preston asserts that the trial court erred by denying his motion to continue the December 7, 2020 hearing to allow time to obtain critical documents from JP Morgan. He asserts that these documents were necessary "to defend his position as trustee of the CRUT" and to support his persistent assertion that "he could not make the required [2018] distributions because the bank put a hold on the CRUT account."

To be entitled to a continuance pursuant to La. Code Civ. P. art. 1602, the moving party must prove he exercised due diligence but was unsuccessful in obtaining material evidence or a material witness absented himself contrary to the arrangement made by the party for the witness to appear. "Due diligence" is "[t]he diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation." Black's Law Dictionary (11th ed. 2019). When due diligence is shown, the granting of a continuance is mandatory under Article 1602. **Sullivan v. City of Baton Rouge**, 2014-0964 (La. App. 1st Cir. 1/27/15), 170 So.3d 186, 192.

To satisfy this element of his burden of proof, Preston asserts that he served a subpoena duces tecum on JP Morgan and its employee on September 25, 2020, in a proceeding pending in probate court in Harris County, Texas. Otherwise, he refers to a

---

[3] Although the plaintiffs did not move to strike or dismiss Preston's assignment of error regarding the denial of his motion to continue, we note that this December 23, 2020 interlocutory judgment is also sufficiently related to the December 23, 2020 judgment removing Preston as trustee, at issue in this restricted appeal, such that review is warranted.

subpoena duces tecum issued to JP Morgan, presumably issued in this proceeding at an unspecified time, which JP Morgan "refused to obey." Preston offered no evidence or argument to show that he took any action to enforce compliance with this subpoena or employed other available means to discover why JP Morgan closed the CRUT account, such as scheduling JP Morgan's deposition per La. Code Civ. P. art. 1442. Alleging due diligence and showing it are two entirely different matters. **Herb's Machine Shop, Inc. v. John Mecom Co.**, 426 So.2d 762, 765 (La. App. 3d Cir. 1983), writ denied, 430 So.2d 98 (La. 1983). Additionally, as previously noted, Preston has relied on the closure of the JP Morgan account to rebut the plaintiffs' allegations against him since at least March 2019. This defense is not new, and neither are the plaintiffs' efforts to remove Preston as trustee. See **Marshall I**, 308 So.3d at 1182-3. Therefore, we agree with the trial court's conclusion that Preston failed to demonstrate that he exercised due diligence to obtain the documents at issue from JP Morgan; thus, a continuance pursuant to Article 1602 was not required.

For these reasons, we likewise conclude that the trial court did not abuse its sound discretion in declining to grant a continuance under Article 1601. Absent peremptory grounds, a continuance rests within the sound discretion of the trial court and may be granted in any case "if there is good ground therefor." La. Code Civ. P. art. 1601; **City of Bogalusa v. Moses**, 2020-0165 (La. App. 1st Cir. 4/16/21), 323 So.3d 404, 407.

**Preston's Motion to Recuse/Transfer:**

In his next two assignments of error, Preston asserts that the trial court erred by denying his motion to recuse without self-recusing or referring the motion to another judge for decision. Alternatively, Preston asserts that the trial court erred by declining to transfer the matter back to the 14th Judicial District, where it was originally filed and where an ad hoc judge was assigned to hear other Marshall family litigation.

At the time the motion to recuse was filed, La. Code Civ. P. art. 154 stated,

A party desiring to recuse a judge of a district court shall file a written motion therefor assigning the ground for recusation. This motion shall be filed prior to trial or hearing unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after these facts are discovered, but prior to judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc, as

9

provided in Articles 155 and 156, for a hearing.[4]

Preston maintains that his motion was timely because it was filed before argument was heard on the motion to remove him as trustee and the motion to sentence. Conversely, the plaintiffs assert that Preston waived his right to seek recusal by failing to timely file the motion.

We agree the motion was untimely and further find no error in the trial court's conclusion that the motion to recuse, specifically as to the assertion that the hearing was set in person, failed to state a valid basis to recuse per La. Code Civ. P. art. 151 such that a hearing was required. See **Suazo v. Suazo**, 2007-0795, 2007-1428 (La. App. 1st Cir. 9/14/07), 970 So.2d 642, 651, writ denied, 2007-2291 (La. 12/14/07), 970 So.2d 539 (Where the motion to recuse fails to enunciate valid grounds for recusation, the trial judge may overrule the motion without referring the matter to another judge.) See also **Lepine v. Lepine**, 2017-45 (La. App. 5th Cir. 6/15/17), 223 So.3d 666, 674 (A trial court has discretion to determine if there is a valid ground for recusal set forth in the motion.); **Southern Casing of Louisiana, Inc. v. Houma Avionics, Inc.**, 2000-1930, 2000-1931 (La. App. 1st Cir. 9/28/01), 809 So.2d 1040, 1050 (applying the abuse of discretion standard to the denial of a motion to recuse).

In his motion to recuse and on appeal, Preston asserts that the trial court has demonstrated a pattern of "bias and prejudice" toward him, as evidenced by several adverse rulings and comments made by the trial court dating back to 2019. Specifically, in early 2019, the trial court quashed a subpoena issued by Preston, denied Preston's motion to continue, and denied his motion for new trial following the March 2019 contempt hearing. Then, in June 2020, the trial court reversed a discovery ruling, which was favorable to Preston, entered by a visiting judge and rendered judgment in favor of Dr. Cook and against Preston. Preston also asserts that this court's reversal of the contempt sanction in **Marshall I** and the Louisiana Supreme Court's denial of Elaine's writ application from that opinion confirm that the trial court's original contempt punishment was invalid – an additional indication of the court's alleged bias against

---

[4] Article 154 was amended by 2021 La. Acts, No. 143, § 1 (eff. Aug. 1, 2021).

10

Preston. Preston also maintains that during the March 18, 2019 contempt hearing (at issue in **Marshall I**) the trial court "derided and demeaned" him, "laying bare its bias" by commenting on Preston's lack of credibility.

These arguments fail for several reasons. First, adverse rulings alone do not show bias or prejudice. **Cave v. Cave**, 2020-0240, 2020-0550 (La. App. 1st Cir. 3/25/21), 2021 WL 1134946, *12 (unpublished). Second, all of these assertions concern purported prejudice demonstrated by the trial court long before Preston filed the motion to recuse. The Louisiana Supreme Court was recently presented with a similar situation in **Langlinais v. Union Oil Co. of California**, 2020-00229 (La. 5/14/20), 296 So.3d 601 (per curiam) and held that the motion to recuse was untimely. There, the trial court denied the plaintiffs' motion to recuse Judge Marilyn Castle, but the court of appeal reversed. The sole basis for the motion was a 2016 campaign advertisement by the Committee to Elect Judge Marilyn Castle, which mentioned plaintiffs' counsel. Plaintiffs' counsel admitted they were aware of this advertisement in April 2018, when suit was filed and randomly allotted to Judge Castle; however, they did not seek her recusal at that time. Plaintiffs' counsel further participated in a hearing on exceptions before Judge Castle in January 2019 but, again, did not file a motion to recuse. Plaintiffs' motion to recuse was not filed until June 2019, over a year after suit was filed and nearly three years after the advertisement was published. The supreme court found this behavior contrary to the legislative intent of Article 154 to allow the motion to recuse when the party discovers facts constituting grounds for recusal. **Id.**, citing **Radcliffe 10, LLC v. Zip Tube Systems of Louisiana**, 2006-0128 (La. 11/3/06), 942 So.2d 1071, 1074. The supreme court reinstated the trial court's judgment denying the motion to recuse as untimely.

Here, the record reflects that the parties appeared before the trial court several times between early 2019 and December 7, 2020. Preston had ample opportunity to timely file a motion to recuse based on the trial court's purported bias prior to December 2020 – he simply chose not to do so.

The only timely allegation of purported "bias" is the trial court's decision to set the December 7, 2020 hearing in person, rather than by video conference, and its order for

Preston to appear in court on the plaintiffs' motion to sentence (also set on December 7, 2020). Preston contends, without explanation, that this further demonstrates the trial court's bias against him since it "singled out" Preston and unnecessarily exposed him to the continued threat of COVID-19. This argument lacks merit and is contrary to the well-settled principle that the trial court has broad discretion to control its docket. See **Thinkstream, Inc. v. Rubin**, 2006-1595 (La. App. 1st Cir. 9/26/07), 971 So.2d 1092, 1102, writ denied, 2007-2113 (La. 1/7/08), 973 So.2d 730; **Moonan v. Louisiana Medical Mutual Ins. Co.**, 2016-407 (La. App. 5th Cir. 12/21/16), 209 So.3d 360, 362. Finally, we agree with the trial court that Preston's appearance at the December 7, 2020 hearing was "imperative" since he was facing sentencing, and imprisonment was an available, appropriate contempt sanction as noted in **Marshall I**. For these reasons, the trial court did not abuse its discretion by denying Preston's motion to recuse without setting the motion for hearing, self-recusing, or referring to another judge for decision.

We likewise find the trial court did not abuse its discretion by denying Preston's alternative motion to transfer for forum non conveniens. See **Zdenek v. Acme Truck Line, Inc.**, 2020-1070 (La. App. 1st Cir. 12/30/20), 2020 WL 7869233 (unpublished). Pursuant to La. Code Civ. P. art. 123(A)(1), the trial court may transfer a civil case to another district *court* where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. (Emphasis added.) As plaintiffs point out, the trial court here had no authority to transfer the case to a particular judge, especially an ad hoc presiding by special appointment by the Louisiana Supreme Court. See **State v. Burton**, 2009-2612 (La. 12/18/09), 23 So.3d 927, holding that the court of appeal lacked authority to consolidate a case with those pending before the ad hoc judge, whose authority to hear those specific cases came from the supreme court.[5] See also La. Code Civ. P. art. 253.1. Additionally, considering the case was transferred from the 14th Judicial District – on Preston's exception of lack of venue – we cannot say the trial court

---

[5] Perhaps in recognition of this lack of authority, Preston asks this court to remand the matter so that "a request can be made by the District Court to have the case reassigned to [the ad hoc judge]." Presumably, this refers to a request to the supreme court to reassign the case; however, we decline to remand for this reason since Preston failed to seek this relief from the trial court. See Uniform Rules of Louisiana Courts of Appeal, Rule 1-3.

abused its discretion by declining Preston's request to send the case back to that jurisdiction.

**Plaintiffs' Motion to Remove:**

Preston does not argue on appeal that the trial court erred by granting the motion to remove him as trustee on the merits. Further, even if we read Preston's assignments of error broadly and reach the merits of the judgment removing him as trustee, we find no manifest error in the trial court's factual determinations.

As affirmed in **Marshall I**, Preston was held in contempt for violating several fiduciary duties in the April 2, 2019 judgment. His subsequent actions, which were the primary focus of the December 7, 2020 hearing, provided further support for the trial court's decision to remove Preston as trustee.[6] The trial court relied heavily on Preston's unilateral decision to liquidate all CRUT assets in June 2019, which resulted in negative tax consequences for the CRUT and Elaine as beneficiary. The evidence established that Preston knew it was best to avoid liquidation and knew there were other ways to transfer control of the CRUT and/or the assets to Dr. Cook, which would maintain the integrity and tax benefits of the trust.[7] Preston also admitted that outstanding distributions could have been paid without liquidating the assets. This action alone constituted a breach of Preston's fiduciary duties as trustee.

The trial court further found, correctly, that Preston refused to allow Dr. Cook to assume control over the CRUT account following the April 2, 2019 judgment removing Preston as trustee and defiantly declined to provide Dr. Cook with online access to the CRUT. Preston also refused to timely reimburse the CRUT for litigation costs and attorney's fees, as ordered in the April 2, 2019 contempt judgment. Finally, Preston persisted in his defiance of the trial court's prior order to provide an accurate CRUT accounting for 2017.

---

[6] For this additional reason, we agree with the plaintiffs that the JP Morgan documents at issue in Preston's motion to continue were not material to his defense to the November 10, 2020 motion to remove him as trustee. See La. Code Civ. P. art. 1602. This further supports the trial court's decision to deny the motion to continue.

[7] At the time Preston liquidated the assets, Dr. Cook was serving as trustee pursuant to the April 2, 2019 judgment. Although this portion of the judgment was reversed on July 14, 2020 in **Marshall I**, Preston failed to take a suspensive appeal, so the effect of the judgment removing Preston as trustee and appointing Dr. Cook as his successor was not suspended in June 2019. See La. Code Civ. P. art. 2087.

13

As trustee, Preston's fiduciary duties included a duty to (1) administer the trust solely in the interest of the beneficiary (La. R.S. 9:2082(A), (2) furnish accurate information and permit inspection (La. R.S. 9:2089), (3) prudently administer the trust and exercise reasonable care (La. R.S. 9:2090), (4) preserve trust property (La. R.S. 9:2091), and (5) preserve trust property and deliver it without delay upon his removal (La. R.S. 9:2069). A violation by a trustee of a duty he owes to a beneficiary is a breach of trust. La. R.S. 9:2081; **Chouest v. Chouest**, 2018-1484 (La. App. 1st Cir. 12/19/19), 292 So.3d 68, 73. The evidence discussed herein easily supports the trial court's conclusion that Preston repeatedly and intentionally breached his fiduciary duties such that sufficient cause existed to remove him as CRUT trustee. See La. R.S. 9:1789(A) (trustee "shall be removed...by the proper court for sufficient cause.")

## CONCLUSION

For the foregoing reasons, we affirm the December 23, 2020 judgment denying Preston L. Marshall's motion to continue and the January 22, 2021 judgment denying his motion to recuse/transfer. We also affirm the December 23, 2020 judgment granting the plaintiffs' motion to remove Preston L. Marshall as trustee of the EPS/EPM Charitable Remainder Unitrust, ordering Preston L. Marshall to fully reimburse the EPS/EPM Charitable Remainder Unitrust for any funds used to pay Preston L. Marshall's litigation costs to the extent they have not been reimbursed, ordering Preston L. Marshall to provide a full and complete accounting to the beneficiaries of the EPS/EPM Charitable Remainder Unitrust, and appointing Dr. Stephen D. Cook as trustee to succeed Preston L. Marshall in accordance with the trust instrument for the EPS/EPM Charitable Remainder Unitrust. The plaintiffs' motion to dismiss or strike is denied. All costs of this appeal are assessed against the appellant, Preston L. Marshall.

**JUDGMENTS AFFIRMED; MOTION TO DISMISS OR STRIKE DENIED.**

14