JOHNSON, J.
hln this medical malpractice lawsuit, Plaintiffs appeal the judgment of the trial court awarding costs to Defendants. For the following reasons, we affirm.
In November 28, 2012, Plaintiffs, Noe-mie Moonan and Michael Moonan, filed a medical malpractice suit against Defendants, Dr. Frank Monte and the Louisiana Medical Mutual Ins. Co. (LAMMICO), seeking damages for the alleged substandard care Dr. Monte gave to Andrew Moo-nan, Ms. Moonan’s husband and Michael’s father, after he fell and broke his ribs. Plaintiffs alleged that Dr. Monte’s substandard care ultimately.led to Mr. Moo-nan’s death from a pulmonary embolism. The case proceeded to trial in March 2015. After a four-day trial, the jury ruled against Plaintiffs and found in favor of Dr. Monte. The trial court issued a final judgment on April 20, 2015, accepting the jury’s verdict. Plaintiffs filed a motion for new trial, which was denied. They subsequently filed a motion for appeal on July 29, 2015, and this Court affirmed the judgment in favor of Defendants. Moonan v. La. Medical Mutual Ins. Co., 16-113 (La. App. 5 Cir. 9/22/16), 202 So.3d 529.
While the appeal was pending, Defendants filed a motion to tax costs, seeking $30,757.62 pursuant to La. C.C.P. art. 1920, La. R.S. 13:3666, and La. R.S. 13:4533. Plaintiffs opposed the motion- arguing that it should be deferred until all appeals are exhausted. Alternatively, Plaintiffs submitted that each party should bear their own costs considering the trial court’s discretion and all equitable factors. A hearing was held on April 21, 2016, after which the trial court granted Defendants’ motion to tax costs and assessed costs against Plaintiffs in the amount of $19,597.21. A written judgment was signed on May 3, 2016. Plaintiffs appeal this judgment.
12Plaintiffs’ sole issue on appeal is that the trial "court erred in refusing to delay ruling on the motion to tax costs until all appeal delays had run on the underlying judgment in favor of Defen *362 dants.[1] Plaintiffs seem to suggest that the taxing of costs prior to all appeals being exhausted is premature. Plaintiffs cite no legal authority but merely argue that the issue of taxing costs only becomes relevant after the matter has been appealed and an appellate decision has been rendered.
The taxing of costs is authorized by La. C.C.P. art. 1920, which provides:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may rendered judgment for costs, or any part thereof, against any party, as it may consider equitable.
Further, La. R.S. 13:3666 and 13:4533 authorize specific expenses, such as expert witness fees, depositions costs, and exhibit costs, to be taxed as costs. Under these authorities, a trial court has great discretion in awarding costs and its assessment will not be reversed on appeal absent an abuse of that discretion. State of Louisiana, Dept. of Transp. & Develop. v. Monteleone, 11-1013 (La.App. 5 Cir. 11/13/12); 106 So.3d 153, 173, writ denied, 13-118 (La. 3/1/13); 108 So.3d 1179; Scramuzza v. River Oaks, Inc., 03-959 (La.App. 5 Cir. 3/30/04); 871 So.2d 522, 531, writ denied, 04-1088 (La. 6/25/04); 876 So.2d 839.
Pursuant to La. C.C.P. art. 2088(10), a trial court retains jurisdiction to set and tax costs and expert witness fees even after the jurisdiction of the trial court over all matters reviewable under the appeal is divested and the jurisdiction of the appellate court attaches. Price v. City of Ponchatoula Police Dept., 12-727 (La. App. 1 Cir. 12/21/12); 111 So.3d 1053, 1055. A judgment for costs rendered after the final judgment on the merits is a separate and appealable judgment. Id.
In Haney v. Lewis, 14-935 (La. App. 1 Cir. 12/23/14); 2014 WL 7333897, 2014 La. App. Unpub. LEXIS 777 (unpublished opinion), writ denied, 15-85 (La. 4/2/15); 163 So.3d 797,[2] the First Circuit was faced with a similar issue of whether the trial court erred in ruling on a motion to tax costs while the underlying judgment on the merits was pending on appeal. In Haney, costs were assessed against the defendants. The defendants appealed arguing that the trial court abused its discretion by ruling on the motion to tax costs while their appeal was pending. Citing La. C.C.P. art. 2088, the First Circuit held that the mere act of setting and taxing costs while an appeal is pending does not constitute an abuse of the trial court’s discretion.
We agree. The trial court clearly retains jurisdiction to tax costs even after the underlying matter is on appeal. Additionally, a trial court has wide discretion in controlling its docket and case management. Chambers-Johnson v. Applebee’s Restaurant, 12-98 (La.App. 5 Cir. 9/11/12); 101 So.3d 473, 477. A trial court’s decision with regard to control of its docket and case management is to be set aside by the appellate court only when there has been an abuse of discretion. An appellate court’s interference with trial matters, such as control of a docket and case management, should be done so only with reluctance and in extreme cases. Id. With this in mind, we do not find the trial court abused its dis *363 cretion in hearing and ruling on Defendants’ motion to tax costs while the underlying judgment on the merits was pending on appeal.
Accordingly, we affirm the May 3, 2016 judgment assessing costs against Plaintiffs.
AFFIRMED

. Plaintiffs do not challenge the amount of costs that were assessed in the May 3, 2016 judgment.

. La. C.C.P. art. 2168 provides that unpublished opinions of the supreme court and the courts of appeal shall be posted by such courts on the courts’ Internet websites and that those posted opinions may be cited as authority. We note that the Haney opinion is posted on the Louisiana First Circuit Court of Appeal’s website.