THOMAS GIBSON, JR. AND BARBARA
GIBSON, INDIVIDUALLY AND ON BEHALF
OF THEIR FATHER, THOMAS GIBSON (D)

VERSUS

JEFFERSON PARISH HOSPITAL SERVICE
DISTRICT NO 2 D/B/A EAST JEFFERSON
GENERAL HOSPITAL & OCHSNER CLINIC
FOUNDATION

NO. 23-CA-580

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 789-884, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

May 29, 2024

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and John J. Molaison, Jr.

**AFFIRMED**
    **JJM**
    **SJW**

**DISSENTS WITH REASONS**
    **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
OCHSNER CLINIC FOUNDATION
    William K. Wright, IV
    Don S. McKinney

COUNSEL FOR PLAINTIFF/APPELLEE,
THOMAS GIBSON, JR. AND BARBARA GIBSON
    Anh Q. Cao
    Amy E. Schapansky

**MOLAISON, J.**

In this medical malpractice matter, the appellant, Ochsner Clinic Foundation, seeks review of the trial court's denial of its motion to tax costs. For the reasons that follow, we affirm.

## PROCEDURAL HISTORY

For a complete discussion of the underlying facts of this case, we refer to the companion appeal, 23-CA-538. In summary, on December 19, 2012, Claire Betty Gibson ("Mrs. Gibson")[1], individually and on behalf of her deceased husband, Thomas J. Gibson, Sr. ("Mr. Gibson"), filed a request with the Commissioner of Administration, under the provisions of La. R.S. 40:1231.1, *et seq.* ("the Louisiana Medical Malpractice Act" or "LMMA"), for the formation of a medical review panel to review allegations of malpractice against Ochsner Medical Center, Ochsner Extended Care Hospital, and East Jefferson General Hospital "EJGH"[2] regarding their care and treatment of Mr. Gibson. On July 19, 2018, the medical review panel issued its opinion, finding that none of the named defendants breached the standard of care in their treatment of Mr. Gibson. On November 28, 2018, within 90 days of their receipt of the opinion, Mr. and Mrs. Gibson's children, Thomas and Barbara, (plaintiffs/appellees), filed a *pro se* petition for damages in the Twenty-Fourth Judicial District Court against Ochsner and EJGH in which they made a survival claim and individual wrongful death claims for the death of their father. In May of 2023, Ochsner filed a motion for summary judgment and a motion for partial summary judgment,[3] which the trial court granted on June 29, 2023, dismissing plaintiffs' claims against Ochsner with prejudice.

---

[1] Mrs. Gibson passed away in December of 2013.

[2] Other parties named in the requested review were Louisiana Extended Care Hospital of Kenner, and St. Theresa Specialty Hospital, LLC; however, it does not appear that these parties were named in the plaintiffs' subsequent medical malpractice lawsuit.

[3] The plaintiffs separately appealed the granting of Ochsner's summary judgment motions in the companion appeal, 23-CA-538.

On July 21, 2023, plaintiff filed a motion for new trial only as to the trial court's judgment granting Ochsner's motion for summary judgment. On the same day, Ochsner filed a motion to tax costs. Both motions were set for a contradictory hearing on August 31, 2023. The record reflects that the appellees did not file a written opposition to Ochsner's motion.[4]

On August 31, 2023, after denying plaintiffs' motion for new trial, the trial court ordered all parties to pay their own costs. As a result of this ruling, the court rendered judgment denying Ochsner's motion to tax as moot. This timely appeal followed.

## ASSIGNMENT OF ERROR

The trial court incorrectly denied Ochsner's unopposed Motion to Tax Costs. Specifically, Ochsner contends it is entitled to (1) plaintiffs' security bond under La. R.S. 40:1299.47(I)(2)(c); and (2) to litigation costs and expert fees pursuant to La. C.C.P. art. 1920, La. R.S. 13:4533, and La. R.S. 13:3666. Ochsner asserts that upon the trial court's granting of its motion for summary judgment and motion for partial summary judgment it was entitled to these costs in the amount of $19,899.75, plus the amount expended to file and serve its motion to tax costs.

## LAW AND ANALYSIS

*Security bond*

We first address the issue of the forfeiture of the mandatory security bond posted by the plaintiffs when the entire medical malpractice suit is concluded,

---

[4] Ochsner asserts because appellees did not file an opposition, the motion was unopposed. As counsel for appellees correctly asserts, an absence of an opposition memorandum does not automatically establish that a motion is unopposed or that appellant is entitled to all, or any of, the relief requested in its motion to tax costs. Under La. Rules of District Court, Rule 9.9(e), [a] party who does not furnish a memorandum opposing a motion to the trial judge and all other parties to the action at least eight calendars days before a scheduled hearing *may* forfeit the privilege of oral argument. Thus, had the trial court not found that the motion to tax costs was moot, then the trial court, at its discretion, could have allowed appellees to orally argue *against* the motion, as counsel for appellees asserted they planned to do.

according to La. R.S. 40:1231.8(I)(2)(c) [formerly cited as La. R.S

40:1299.47(I)(2)(c)][5]:

> (c) In a medical malpractice suit filed by the claimant in which a unanimous opinion was rendered in favor of the defendant health care provider as provided in the expert opinion stated in Paragraph (G)(2) of this Section, the claimant who proceeds to file such a suit shall be required to post a cash or surety bond, approved by the court, in the amount of all costs of the medical review panel. ***Upon the conclusion of the medical malpractice suit,*** the court shall order that the cash or surety bond be forfeited to the defendant health care provider for reimbursement of the costs of the medical review panel, unless a final judgment is rendered finding the defendant liable to the claimant for any damages. If a final judgment is rendered finding the defendant liable to the claimant for any damages, the court shall order that the defendant health care provider reimburse the claimant an amount equal to the cost of obtaining the cash or surety bond posted by the claimant.

[Emphasis added.] The record in the companion case, 23-CA-538, shows that the plaintiffs filed their bond on September 17, 2020.[6] The bond was made payable, indivisibly, to both Ochsner and EJGH. Although EJGH has filed several exceptions in this matter, the record further reflects that it remains a party to the medical malpractice lawsuit.

The statute's plain wording provides for the forfeiture of the bond "[u]pon the conclusion of the medical malpractice suit." It does not offer a *pro-rata* forfeiture of the bond before the conclusion of the entire lawsuit. For this reason, we find that Ochsner's motion for the forfeiture of the bond was premature.

***Motion to tax costs***

In its motion to tax costs, Ochsner requested the court assess the plaintiffs $10,214.35 for litigation expenses, Ochsner's expert fees incurred in the amount of $6,393.40, and the costs of filing and serving the motion.[7]

---

[5] In its brief to this court, Ochsner cites La. R.S. 40:1299.47. This statute was redesignated as La. R.S. 40:1231.8 by H.C.R. No. 84 of the 2015 Regular Session, effective August 1, 2023.

[6] The bond contains the stipulation that the plaintiffs' attorney served as a personal surety for the bond.

[7] A breakdown of Ochsner's expenses was attached as Exhibit 3 to its motion to tax costs, but was not formally introduced into evidence during the August 31, 2023 proceedings, nor was it proffered. Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. *Denoux v. Vessel Mgmt. Services, Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84, 88. Exhibits attached to memoranda do not constitute evidence and cannot be considered as such on appeal. *Id.*

Generally, the party cast in judgment pays costs, except as otherwise provided by law; however, the court may render judgment for costs, or any part thereof, against any party as it may consider equitable. La. C.C.P. art. 1920. More specifically, the court may even assess costs against the party prevailing on the merits. *Saunders v. Hollis*, 44,490 (La. App. 2 Cir. 8/19/09), 17 So.3d 482, 485-86, *writ denied*, 09-2221 (La.12/18/09), 23 So.3d 945. The trial court has great discretion in awarding costs, and its assessment will not be disturbed on appeal absent an abuse of discretion. *Rauch-Milliken Intern., Inc. v. Halprin*, 09-723 (La. App. 5 Cir. 12/29/09), 30 So.3d 879, 882; La. C.C.P. art. 1920.

The ruling at issue regarding Ochsner's motion to tax costs was made at the end of the trial court's ruling on plaintiffs' motion for a new trial concerning the trial court's judgment granting Ochsner's motion for summary judgment, in which the following discussion occurred:

**THE COURT:**

> I'm going to deny the plaintiffs 'Motion for New Trial and I'm going to order that all parties pay their own costs.

**MR. WRIGHT (COUNSEL FOR OCHSNER):**

> Thank you, Judge. Does that moot or deny our Motion to Tax Costs, which was also set for hearing?

**THE COURT:**

> That's moot. I just – that's moot.

**MR. WRIGHT:**

> **Okay. Just want to confirm. Thank you, Judge**. [Emphasis added.]

A party must make a timely objection and state the specific ground for the objection to preserve an issue for review. Failure to contemporaneously object

constitutes a waiver of the right to complain on appeal. Further, the reasons for the objection must be brought to the trial court's attention, allowing the trial court to make the proper ruling and prevent or cure any error. *Willis v. Noble Drilling (US), Inc.*, 11-598 (La. App. 5 Cir. 11/13/12), 105 So.3d 828, 835-36.

Here, Ochsner did not object to the trial court's ruling that each party was to bear their costs. Rather, Ochsner inquired as to whether this ruling rendered its motion to tax costs as denied or moot. When the trial court stated the motion to tax costs was "moot"[8] (not denied), instead of objecting to the denial of its motion to tax costs as moot, Ochsner acquiesced with the trial court's ruling. As such, Ochsner waived its right to assert that the trial court abused its discretion in ordering each party to bear its own costs and denying its motion to tax costs as moot. Additionally, Ochsner did not (1) attempt to offer, file, introduce, and admit its exhibits (or testimony, if any) into evidence; (2) attempt to proffer the same under La C.C.P. art. 1636; or (3) object to a lack of an evidentiary hearing. Moreover, on appeal, appellant *only* contends that the trial court's "summary denial" of its motion to tax costs was an abuse of discretion because the motion was "*unopposed*." Ochsner did not and has not argued that the trial court abused its discretion in failing to conduct a contradictory hearing on its motion.[9]

Accordingly, we affirm the judgment of the trial court.

**AFFIRMED**

---

[8] It is well settled that our courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions regarding such controversies. *Cat's Meow, Inc. v. City of New Orleans Through Dept of Finance*, 98-601 (La. 10/20/98), 720 So.2d 1186. Accordingly, an issue is "moot' when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." *Id.* at 1193. Here, the trial court denied the motion to tax costs as moot because it ruled that the parties were to bear their own costs.

[9] On appeal, appellant only requests this court to find that the return of the bond to Ochsner was mandatory and that the trial court should have granted its motion to tax costs because it was *unopposed*, and requests this court to remand this matter to the trial court with instructions to award appellant the amounts for the bond and costs as alleged in the *unopposed* motion.

THOMAS GIBSON, JR. AND BARBARA
GIBSON, INDIVIDUALLY AND ON
BEHALF OF THEIR FATHER, THOMAS
GIBSON (D)

VERSUS

JEFFERSON PARISH HOSPITAL
SERVICE DISTRICT NO 2 D/B/A EAST
JEFFERSON GENERAL HOSPITAL &
OCHSNER CLINIC FOUNDATION

NO. 23-CA-580

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

## WICKER, J., DISSENTS WITH REASONS

I have considered the majority's decision to affirm the denial of Ochsner

Clinic Foundation's ("Ochsner") motion to tax costs, and I respectfully dissent.  In

my opinion, the trial court failed to hold a contradictory hearing, as required by La.

C.C.P. art. 963, and therefore, this Court should remand the matter to the trial court

for that purpose.

On June 29, 2023, the trial court granted Ochsner's motion for partial

summary judgment and its motion for summary judgment, dismissing Ochsner

from this lawsuit with prejudice.  The court signed a written judgment to this effect

on July 11, 2023.

On July 21, 2023, plaintiffs filed a motion for new trial seeking

reconsideration of the court's ruling granting Ochsner's motion for summary

judgment.  On that same date, Ochsner filed a motion to tax costs, asking the trial

court to tax plaintiffs with the costs of the medical review panel, pursuant to La.

R.S. 40:1231.8(I)(2)(c), as well as the court costs and expert witness fees incurred

by Ochsner, pursuant to La. R.S. 13:3666, La. R.S. 13:4533, and La. C.C.P. art.

1920.  In support of its motion, Ochsner attached several documents pertaining to

its costs.

While Ochsner filed a memorandum in opposition to plaintiffs' motion for new trial on August 23, 2023, plaintiffs filed no opposition to Ochsner's motion to tax costs.

Both plaintiffs' motion for new trial and Ochsner's motion to tax costs were set for hearing on August 31, 2023, pursuant to show cause orders signed by the trial court. On August 31, 2023, the parties appeared and the trial court stated, "Let's do the plaintiff's Motion for New Trial." The court did not mention the motion to tax costs. After the parties presented oral argument in support of and in opposition to the motion for new trial, the trial court, without mentioning the motion to tax costs, denied the motion for new trial and the following exchange occurred:

| THE COURT: | I'm going to deny the plaintiffs' Motion for New Trial and I'm going to order that all parties pay their own costs. |
| --- | --- |
| COUNSEL FOR OCHSNER: | Thank you, Judge. Does that moot or deny our Motion to Tax Costs, which was also set for hearing. [sic] |
| THE COURT: | That's moot. I just--that's moot. |
| COUNSEL FOR OCHSNER: | Okay. Just wanted to confirm. Thank you, Judge. All right. |

The trial court signed a written judgment on September 12, 2023, denying the motion for new trial and the motion to tax costs. The minute entry for the August 31, 2023 hearing provides that Ochsner's motion to tax costs was "taken up" and was moot. However, in my opinion, the minute entry is inaccurate.

The transcript reflects that the trial court never called, mentioned, or took up the motion to tax costs. Rather, without calling the matter, hearing argument, or providing the parties with an opportunity to introduce evidence in support of their positions, the court ordered all parties to pay their own costs. In response to

counsel for Ochsner's inquiry about the motion to tax costs, the trial court declared it was moot.

La. C.C.P. art. 963 provides, in pertinent part:

****

> If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion <u>shall be</u> served on and *tried contradictorily* with the adverse party.
>
> The *rule to show cause is a contradictory motion*.
>
> (Emphasis added.)

Respectfully, in my opinion, the trial court erred by failing to conduct a contradictory hearing in accordance with the specific provisions of La. C.C.P. art. 963.

The majority finds that Ochsner waived its right to appellate review of the trial court's decisions ordering each party to bear its own costs and denying its motion to tax costs as moot, because Ochsner did not object at the hearing. It cites *Willis v. Noble Drilling (US), Inc.*, 11-598 (La. App. 5 Cir. 11/13/12), 105 So.3d 828, 835, in support of its assertion that Ochsner's failure to contemporaneously object constitutes a waiver of the right to complain on appeal. In *Willis*, this Court stated that the reasons for the objection must be brought to the trial court's attention in order to allow the trial court the opportunity to make the proper ruling and prevent or cure any error. *Id.* at 836. However, in the *Willis* case, unlike this case, the issue arose during trial, not in a written motion setting forth the grounds upon which it was based.

*See Maldonado v. Kiewit Louisiana Co.*, 12-1868 (La. App. 1 Cir. 5/30/14), 152 So.3d 909, 924, *writ denied*, 14-2246 (La. 1/16/15), 157 So.3d 1129, in which the First Circuit found that while defendants failed to object at trial when evidence was offered, the rulings were preserved for appeal where defendants had raised the evidentiary issues in motions in limine prior to trial. *See also* La. C.C.P. art. 1635,

which provides that formal exceptions to rulings are unnecessary when the party makes known to the court the action he desires the court to take.

In my opinion, Ochsner did not waive its objection to the trial court's decision to order each party to pay its own costs. Ochsner filed a written motion to tax costs, setting forth the grounds for the motion and the ruling it desired the trial court to make. Although the motion was set for hearing on August 31, 2023, no hearing on this issue occurred, no witnesses were called, and no evidence was introduced. At the hearing, the trial court merely declared the motion to tax costs "moot." Thereafter, on September 12, 2023, the trial court signed a written, final judgment denying Ochsner's motion to tax costs.[10]

Because Ochsner filed a written motion to tax costs, but was denied a hearing on this issue, I would vacate the trial court's judgment and remand for a contradictory hearing in accordance with La. C.C.P. art. 963.

For these reasons, I respectfully dissent.

---

[10] A judgment on costs rendered after a final judgment on the merits is a separate and appealable judgment. *Moonan v. Louisiana Med. Mut. Ins. Co.*, 16-407 (La. App. 5 Cir. 12/21/16), 209 So. 3d 360, 362.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 29, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-580

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
DON S. MCKINNEY (APPELLANT)          WILLIAM K. WRIGHT, IV (APPELLANT)          SARAH J. L. CHRISTAKIS (APPELLEE)
AMY E. SCHAPANSKY (APPELLEE)          ANH Q. CAO (APPELLEE)

**MAILED**
CONRAD MEYER (APPELLEE)
ATTORNEY AT LAW
ONE GALLERIA BOULEVARD
SUITE 1100
METAIRIE, LA 70001