# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 24-47


**VEDA NICHOLAS**

**VERSUS**

**RAYMOND LABORDE**
**CORRECTIONAL CENTER**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF AVOYELLES, NO. 21-05130
JAMES BRADDOCK, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**WILBUR L. STILES**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Charles G. Fitzgerald, and Wilbur L. Stiles, Judges.


**REVERSED AND REMANDED.**

Jacqueline K. Becker
Galloway Jefcoat, L.L.P.
Post Office Box 61550
Lafayette, LA 70596
(337) 984-8020
COUNSEL FOR CLAIMANT/APPELLANT:
       Veda Nicholas

Liz Murrill
Attorney General
Jeannie C. Prudhomme
Assistant Attorney General
556 Jefferson Street, 4th Floor
Lafayette, LA 70501
(337) 262-1700
COUNSEL FOR DEFENDANT/APPELLEE:
       State of Louisiana, through the Department of Public Safety
       and Corrections, Raymond Laborde Correctional Center

Sebastian Hoffpauir
Assistant Attorney General
900 Murray Street, Suite B - 100B
Alexandria, LA 71301
(337) 487-5944
COUNSEL FOR DEFENDANT/APPELLEE:
       State of Louisiana, through the Department of Public Safety
       and Corrections, Raymond Laborde Correctional Center

**STILES, Judge.**

The workers' compensation judge entered a Consent Judgment reflecting the parties' agreement that Claimant Veda Nicholas was entitled to indemnity and medical benefits stemming from an injury occurring in the course and scope of her employment. The Consent Judgment also included an award of penalties and attorney fees. Defendant, the State of Louisiana through the Department of Public Safety and Corrections, later filed a Contested Motion to Dismiss with Prejudice, alleging that all controversies raised in the complaint had been resolved. The workers' compensation judge granted the motion and dismissed the claim with prejudice but reserved all future claims between the parties. Claimant appeals. For the following reasons, we reverse and remand.

## FACTUAL AND PROCEDURAL HISTORY

Claimant sustained injury to her ankle and leg while in the course and scope of her employment as a correctional officer at the Raymond Laborde Correctional Center. Citing an accident date of August 25, 2021, Claimant instituted this proceeding with the filing of a Disputed Claim for Compensation (Form LWC-WC-1008) in September 2021. Claimant sought indemnity and medical benefits as well as penalties and attorney fees. The matter proceeded under Docket Number 21-05130 in the Office of Workers' Compensation.

In May 2022, Claimant amended her claim, alleging that, in addition to the earlier reported left ankle and leg condition sustained as a result of the accident, she had also sustained "an aggravation of her right knee condition as a result of her altered gait and putting more weight and strain on her right leg due to her left ankle injury." Claimant also sought penalties and attorney fees for late payment of an indemnity check for the pay period of "8/26/21-9/8/21."

Before the matter proceeded to trial, the workers' compensation judge rendered an October 25, 2022 Consent Judgment reflecting "stipulations of counsel[.]" The parties agreed that Claimant "was injured in the course and scope of her employment" with the Raymond Laborde Correctional Center on August 25, 2021[;]" that as a result of the accident, Claimant "is entitled to weekly disability benefits paid in accordance with the Louisiana Workers' Compensation Act beginning August 26, 2021 based on an average weekly wage of $756.06 subject to a credit for all weekly compensation benefits previously paid[;]" and that Claimant is entitled "to all reasonable and necessary medical treatment related to her work accident on August 25, 2021 in accordance with the Louisiana Workers' Compensation Act[.]" As for Claimant's prayer for penalties and attorney fees, the Consent Judgment entered an award of "penalties in the amount of $8,000.00 and attorney fees in the amount of $8,000.00 which covers all penalties and attorney's fees which were alleged or could have been brought through October 18, 2022 and expenses in the amount of $472.70 which will be paid upon receipt of written proof of expenses incurred."

In January 2023, Claimant filed a Motion and Order for Penalties and Attorney's Fees claiming that Defendant failed to comply with the Consent Judgment by failing to pay for the $472.70 in court costs designated by the Consent Judgment. Defendant opposed the motion, noting that the Consent Judgment ordered payment of the costs "upon receipt of written proof of expenses incurred." Defendant maintained that Claimant failed to produce receipts, invoices, or other evidence of the claimed costs incurred. Following a hearing, the workers' compensation judge issued an April 12, 2023 judgment awarding penalties pursuant to La.R.S.

23:1201(G)[1] in the amount of $3,840.00 and attorney fees in the amount of $2,500.00.

In November 2023, Defendant filed a Contested Motion to Dismiss With Prejudice. Defendant asserted that the October 25, 2022 Consent Judgment resolved all issues contained in the Disputed Claim for Compensation and that "[a]ll funds due in satisfaction of the Consent Judgment have been paid including[,]" $8,000.00 in penalties, $8,000.00 in attorney's fees, $472.70 in trial expenses, $3,840.00 in late payment penalties, and $2,500 in attorney fees. Defendant attached its payment history. Noting that no amendments to the original Disputed Claim for Compensation had been filed, Defendant explained that "[t]here are no remaining issues to be resolved[,]" but that "Claimant refuses to dismiss the Defendant/Employer from this litigation."

Opposing the motion, Claimant asserted that "[t]his matter has not settled and [that she] is still receiving treatment for her injuries." Claimant further explained that she has not been released to return to work. While she acknowledged that Defendant has paid all penalties and attorney fees, Claimant maintained that Defendant "still owes medical and indemnity benefits pursuant to the Consent Judgment signed October 25, 2022." She argued that Defendant pointed to no

---

[1] Louisiana Revised Statutes 23:1201 provides:

G.     If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

statutory or legal authority permitting the dismissal of the claim with prejudice and questioned what would come of the Consent Judgment under which Defendant "is under a continuing obligation to pay benefits[.]" Asserting that La.R.S. 23:1310.8 sets forth the continuing power and jurisdiction of a workers' compensation judge to make modifications and changes with respect to former findings and orders, Claimant rejected Defendant's position that a dismissal with prejudice was authorized. Such a dismissal, Claimant suggested, "would mean that Ms. Nicholas could not enforce the Consent Judgment and could not bring a new claim because the original docket number would be dismissed and would be subject to res judicata."

At the November 2023 hearing, Defendant reiterated its position that all sums had been paid and no dispute remained. Counsel for Defendant explained that the request for dismissal was for record keeping purposes and that it was "in no way trying to threaten Ms. Nicholas's payment of benefits or anything like that." Defendant asked "that this particular 1008 be dismissed. And if Ms. Nicholas has any further disputes in the future, then she can file a new 1008 and we resume litigation that way."

Counsel for Claimant, however, argued that "because the case is ongoing, you can't dismiss her case with prejudice." Counsel suggested that Defendant should have more appropriately "filed a motion for satisfaction of the awards that they're seeking to find that they've been satisfied … because it's an ongoing case." She asserted that any future modifications to the original award "would need to be in the same suit, the same docket number as per the statute." Counsel argued that "if the case is dismissed, then that docket number would be gone, and I don't think there's any jurisprudence - - I don't think they cited any jurisprudence that would allow for a dismissal of the entire case with prejudice."

4

Rejecting Claimant's position, the workers' compensation judge explained that he had "seen repeated 1008s filed on the same injured worker after a previous trial with a different docket number, the same job accident, the same injury" and that the filing of a new docket for a modification "hasn't created any kind of problem in the past." The workers' compensation judge responded to counsel's concern that Claimant would need the ability to modify the judgment if her "TTD status at some point changes" and explained that the Consent Judgment "doesn't say anything about the status of her benefits, whether they're TTD or SEB."

Although Claimant sought clarification of whether "the defendant is under an obligation by this order to continue to pay weekly disability benefits[,]" the judge responded: "Sure. And they're under obligation by the compensation law itself to continue to pay benefits as long as the injured worker is disabled from working as a result of the job injury. You don't need a judgment to be under a continuing obligation to pay." Rather, the Consent Judgment on the record and the "compensation law itself" undermines Claimant's concern that she could no longer enforce Defendant's obligation to pay. The workers' compensation judge remarked that:

> With respect to those issues initially filed, in this consent judgment was determined each and every one of those issues. You have argued to me this is workers' compensation; it could go on for 10 years or not. It could not go on longer than 10 years because that's 520 weeks, and that's continuous 520 weeks.
>
> The system is not designed to my knowledge - - I didn't design the system - - to maintain an open file in the matter for a full 10 years. I think that would overload our system if all the thousands of cases we had were just hung up in there.
>
> A dismissal of this matter with prejudice does not preclude, to my knowledge - - I've never seen it occur; it has never occurred here - - does not preclude Ms. Nicholas from bringing another

1008 … from the same injuries should something else happen in her matter.

The workers' compensation judge explained that he was unaware of a policy or procedure requiring it to keep a matter open "infinitum" following a consent or considered judgment. Rather, such a requirement would prevent the Office of Workers' Compensation from ever being able "to close out a case unless it just had a full and final settlement[.]"

The resulting judgment of November 30, 2023 reflects that:

> IT IS ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Dismiss with Prejudice is hereby **GRANTED** in favor of Employer and against Employee.

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED all claims, disputes, or damages brought in connection with Disputed Claim for Compensation Docket #21-05130 have been fully and completely resolved and are hereby **DISMISSED WITH PREJUDICE**, with all future claims between the parties expressly reserved.

Claimant appeals, assigning the following as error:

1. The Workers' Compensation Judge legally erred in dismissing Veda Nicholas' claims with prejudice in suit bearing docket number 21-0530 and in finding that they have fully and completely resolved and reserving future claims, when there is an ongoing workers' compensation claim and final Judgment awarding indemnity and medical benefits in that suit.

## DISCUSSION

*Standard of Review*

Claimant argues that because the Consent Judgment recognizes her ongoing entitlement to indemnity benefits and medical treatment, the workers' compensation judgment legally erred in dismissing her claim with prejudice. Such a dismissal, Claimant contends, prohibits her from filing future complaints regarding her claim. Asserting that La.R.S. 23:1310.8(F) requires that any such future modifications be

brought under the same docket number, Claimant therefore suggests that a de novo review of the record is required on appeal. *Citing Green v. Town of Lake Arthur*, 18-202, p. 5 (La.App. 3 Cir. 9/26/18), 255 So.3d 1169, 1173 ("'[I]nterpretation of statutes pertaining to workers' compensation is a question of law and warrants *de novo* review to determine if the ruling was legally correct.'") (quoting *Gaines v. Home Care Sols., LLC*, 15-895, p. 9 (La.App. 4 Cir. 4/6/16), 192 So.3d 794, 801, *writ denied*, 16-847 (La. 6/17/16), 192 So.3d 765)).

Defendant, on the other hand, argues that the matter is subject to the deferential abuse of discretion standard as the workers' compensation judge was merely exercising his discretion in an effort to control its docket. *Citing Moonan v. Louisiana Med. Mut. Ins. Co.*, 16-407, p. 3 (La.App. 5 Cir. 12/21/16), 209 So.3d 360, 362 ("[A] trial court has wide discretion in controlling its docket and case management.").

Finding this case is not one pertaining to the workers' compensation judge's discretion, we consider this matter under the *de novo* standard. Finding no statutory or jurisprudential authority for the workers' compensation judge's dismissal of this matter with prejudice, we reverse and remand.

*Merits*

As a foundational matter, we note that much of Claimant's argument is focused on her concern that the dismissal with prejudice will implicate her ability to pursue enforcement or modification of the Consent Judgment. This concern in misplaced, however, as the workers' compensation judge's continuing jurisdiction

7

over the case is firmly established in La.R.S. 23:1310.8, which provides, in pertinent part:

> A. (1) The power and jurisdiction of the workers' compensation judge over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified . . . .
>
> (2) The workers' compensation judge may have a full hearing on the petition, and take testimony of physicians and others relating to the permanency or probably permanency of the injury, and take such other testimony relevant to the subject matter of such petitions as the workers' compensation judge may require. The workers' compensation judge may consider such petition and dismiss the same without a hearing if the same shall not be set for a hearing.
>
> . . . .
>
> B. Upon the motion of any party in interest, on the ground of a change in conditions, the workers' compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded . . . .

The legislature's provision for the workers' compensation judge's continuing jurisdiction over a case and its provision for modification of an award upon a change in conditions reflects the flexibility of the workers' compensation system. *Borja v. FARA*, 16-0055 (La. 10/19/16), 218 So.3d 1. The supreme court has explained that:

> Within the entire scheme [of workers' compensation], the concept of modification is unique because it allows a case to be reopened and the award amended after the judgment becomes final. The purpose of the modification statute is to allow adjustments to be made after judgment "to insure that the employee will be paid compensation during the full period of his disability and that the employer will not be required to pay for any longer than this period of disability."

*Id.* at 10 (quoting *Madere v. W.S. Life Ins. Co.* 03-110, pp. 4-5 (La.App. 5 Cir. 4/29/03), 845 So.2d 1222, 1225 (footnotes omitted)).[2]

---

[2] The workers' compensation judge correctly advised Claimant as such, stating that Defendant remains obligated by not only the Consent Judgment but by the "compensation law

8

This continuing jurisdiction and the flexibility inherent in the workers' compensation regime undermines Defendant's position that the workers' compensation judge acted within its discretion in dismissing Claimant's case, whether with or without prejudice.

Further, while trial judges are afforded discretion in case management, we find no provision extending that discretion to the dismissal of a case for circumstances beyond those expressly provided by the legislature. None of those legislatively authorized circumstances are present in this case.

First, the Louisiana Code of Civil Procedure provides for both a voluntary and involuntary dismissal. Neither is applicable under the circumstances here. Obviously, as Defendant filed a Contested Motion for Dismissal, the voluntary dismissal permitted by La.Code Civ.P. art. 1671 is inapplicable. Also, Article 1671 provides for the voluntary dismissal of a matter upon application of a plaintiff, not a defendant.

Additionally, although La.Code Civ.P. art. 1672 provides for involuntary dismissal, it does so only in the following circumstances:

> A. (1) A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with our without prejudice.

> (2) The court, on its own motion, may dismiss an action without prejudice when all the parties thereto fail to appear on the day set for trial; however, when a case has been dismissed pursuant to this provision and it is claimed that there is a pending settlement, either party may reinstate the suit within sixty days of receipt of the notice of dismissal, and any cause of action which had not prescribed when the case was originally filed shall be fully reinstated as though the case had never been dismissed.

> B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without

---

itself to continue to pay benefits as long as the injured worker is disabled from working as a result of the job injury."

waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

C. A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

Again, Article 1672 is inapplicable in this case as the motion to dismiss does not relate to a party's failure to appear and did not arise during the party's presentation of evidence; nor did it follow a failure of service. Thus, Article 1672 may not serve as a basis for an involuntary dismissal.

Likewise, while the workers' compensation statutory regime specifically provides for dismissal of a claim upon abandonment, it does not otherwise provide for dismissal under the present situation. *See* La.R.S. 23:1209(D) (providing for the dismissal of a claim "for want of prosecution."); *See also* La.Admin.Code tit. 40 § I-5705 (providing for dismissal of a claim upon abandonment).

Moreover, Defendant has not relied on the workers' compensation judge's authority to dismiss this matter under any of the above provisions. Instead, in its motion to dismiss, Defendant pointed out only that all funds due in satisfaction of the Consent Judgment had been paid and that all remaining issues had been resolved. In its appellee's brief, Defendant references only the discretion generally afforded a trial court in managing its docket once a plaintiff has made an appearance. *Citing* La.Code Civ.P. art. 1671; *Moonan*, 209 So.3d 360.

Certainly, a trial judge—and by extension a workers' compensation judge—is responsible in controlling the court's docket and case management. *See* La.Code Civ.P. art. 1631(A) ("The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done."). *See also* La.Code Civ.P. art. 191 ("A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law.").

In this instance, however, the legislature has delineated instances in which a case may be dismissed. Yet Defendant sought a dismissal of a case on grounds beyond those recognized in the statutory law. *See* La.Code Civ.P. art. 1671; La.Code Civ.P. art. 1672; La.Admin. Code tit. 40 § I-5705. We do not find that the workers' compensation judge's authority to manage the proceedings before it extends to a dismissal for circumstances not legislatively provided for. We therefore conclude that the workers' compensation judge's dismissal was in error and the resulting judgment must be reversed.

## DECREE

For the foregoing reasons, the workers' compensation judgment of November 30, 2023 is reversed and the matter is remanded for further proceedings consistent with this opinion. Costs of this proceeding are assigned to Defendant/Appellee, State of Louisiana through the Department of Public Safety and Corrections, Raymond Laborde Correctional Center in the amount of $763.20.

**REVERSED AND REMANDED.**